GEORGE HIGHLAND, plaintiff in error *v.* THE PEOPLE OF
THE STATE OF ILLINOIS, defendants in error.

*Error to Cook.*

On a trial for larceny, the jury should find the value of the property stolen, other-
wise the Court cannot pass sentence upon the prisoner.

Where the verdict of the jury in a trial for larceny, was, "We, the jury, find the
defendant guilty, and sentence him to the penitentiary for the term of three
years," and a motion was made in arrest of judgment, because the value of the
property stolen was not stated in the verdict: *Held* that the defect was fatal,
and that the judgment should have been arrested.

Nothing can be taken by implication in a criminal case.

THIS was an indictment against the plaintiff in error, found by
the Grand Jury of Cook county, at the May term, 1837, of the
Cook Circuit Court, for *larceny.*  The indictment contained two
counts. In the first, the defendant below was charged with felo-
niously stealing among other things, "Twenty dollars in bank
bills and silver coin, of the value of twenty dollars," the pro-
perty of, &c.   The second count was not preferred and carried
on "*In the name and by the authority of the People of the
State of Illinois.*"

The defendant below, before he was arraigned, by his counsel
moved the Court to quash the said indictment for the following
reasons.

I. Because the allegation in the indictment for taking bank
notes, is uncertain in this, to wit,

1. Because it is not alleged whether they were bank bills
issued by any corporation, or what corporation, or whether they
were notes of individuals, payable at the bank.

2. Because there is no description whatever of any note, bill,
or other instrument in writing, &c.

II. The prosecution preferred in the second count of the in-
dictment, was not preferred and carried on "*In the name and by
the authority of the People of the State of Illinois.*"

Which motion to quash was overruled by the Court.   The
defendant below then pleaded not guilty.   A jury was called and
sworn, and after hearing the evidence, returned the following
verdict: "We the jury find the defendant guilty, and sentence
him to the penitentiary for the term of three years."

Whereupon the defendant below, by his counsel, moved the
Court to arrest the judgment upon the said verdict for the follow-
ing causes.

I. The indictment is insufficient, for the same reasons stated
on the motion to quash.

II. The verdict is insufficient for the following causes.

1. The jury did not find, by their verdict, that the defendant was guilty in manner and form as charged in the indictment.

2. The jury did not find, by their verdict, the amount of property stolen by the defendant.

3. The jury did not find, by their verdict, that the value of the goods stolen amounted to five dollars or more.

4. The verdict is in other respects insufficient, &c.

This motion was overruled by the Court, and sentence was accordingly pronounced, and carried into execution.

The cause was tried at the said May term, before the Hon. John Pearson.

J. D. Caton and Norman B. Judd, for the plaintiff in error, cited State Const. Art. 4, § 7; Crim. Code § 63–65.(1)

Usher F. Linder, Attorney General, for the defendants in error.

Smith, Justice, delivered the opinion of the Court:

The prisoner was indicted, tried, and convicted of larceny, at the last May term of the Cook Circuit Court. The indictment contains two counts, and charges the plaintiff in error with stealing various articles of personal property, of different amounts in value, from twelve and a half cents to twenty-five dollars. The jury who tried the prisoner, returned a general verdict in these words: " We, the jury, find the defendant guilty, and sentence him to the penitentiary for the term of three years." On this verdict the Circuit Court rendered judgment, and sentenced the prisoner to three years imprisonment in the penitentiary at hard labor, except that for one month of this time he was to suffer solitary confinement. During the progress of the cause, the counsel for the prisoner moved to quash the indictment, on several grounds, which, however, are not now considered important to be reviewed in the decision of this case, because the motion to arrest the judgment ought to have prevailed for the reasons specified in the third ground assigned in the Court below, and now here re-assigned for error.

That cause is the insufficiency of the verdict in not finding the value of the property charged to have been stolen.

By the 63d section of the " Act relative to Criminal Jurisprudence,"(2) it is declared that no person convicted of larceny, shall be condemned to the penitentiary, unless the money or the value of the thing stolen, shall amount to five dollars;" and by the 158th section(3) of the same act, it is declared that " The jury who try the case, shall designate in their verdict, the term of time the offender shall be confined; and the Court shall pronounce the sentence, designating the extent of solitary confine-

(1) R. L. 182–3; Gale's Stat. 208.    (2) R. L. 182; Gale's Stat. 208.
(3) R. L. 208; Gale's Stat. 229.

ment, and of hard labour in the penitentiary." From the provision of the 63d section, it became the duty of the jury to designate in their verdict the value of the property stolen by the prisoner, as otherwise, without that finding, it was impossible for the Court to legally determine whether the prisoner was a subject of penitentiary punishment. The value of the articles charged to have been stolen, may or may not have been the value alleged, and the proof may not have shown that all were stolen; and as some were of small and others of greater value, the jury might have been satisfied of the guilt of the prisoner, on the proof of any one having been stolen. The guilt might have been confined to one of less value than five dollars, and if so, the sentence could not stand.

The jury in appointing the time, should, also, show enough on the face of their verdict, that they acted, in giving their sentence, within the provisions of the 63d section of the act. This ought to appear affirmatively, and not require inference or implication to sustain it. Nothing can be taken by implication in a criminal case. The clear and absolute ascertainment of facts should alone warrant the character of the punishment pronounced by a court of justice. No possible doubt should be entertained whether the verdict of the jury warranted the judgment to be given. Where inference and intendment are to be resorted to, to supply the defect in the verdict, as to the value, as in the present case, doubts cannot but arise as to the correctness of such inference and intendment of the law.

It is one of the boasted principles by which the character of our criminal jurisprudence is said to be marked, that in all cases of doubt, the criminal shall be entitled to the benefit thereof; and it is not more wise than it is humane. We cannot in this decision have the advantage of precedents, because of the peculiar feature of our code in criminal cases, giving to the jury the power of awarding the time of punishment; but the practice that prevailed in England and in some of the United States, while the distinction existed between grand and petit larceny, the punishment of which differed essentially, is considered analogous. The jury in their finding always designated whether they found the prisoner guilty of grand or petit larceny; and this depended on the value of the articles stolen. For the reasons assigned, we are of opinion that it was an indispensable requisite of the verdict in this case, to authorize the judgment pronounced, that it should have contained the value of the property of which the jury found the prisoner guilty of stealing; and as that does not appear, the Circuit Court erred in not arresting the judgment.

The judgment of the Circuit Court is reversed.

*Judgment reversed.*