GEORGE FAVOR, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. A confession induced neither by hope of benefit nor fear of injury, is admissible.
2. Where two defendants were jointly indicted, jointly arraigned, and pleaded not guilty, and the jury returned a verdict finding "the prisoner at the bar guilty," no legal judgment can be pronounced thereon.

Criminal law.   Evidence.   Confessions.   Verdict.   Before Judge UNDERWOOD.   Coweta Superior Court.   March Adjourned Term, 1874.

There was no evidence to show that the confession testified to by the witness Moses, referred to in the decision, was induced by hope of benefit or fear of injury.

For the remaining facts see the decision.

P. F. SMITH, for plaintiff in error.

THOMAS W. LATHAM, by brief, for the state.

WARNER, Chief Justice.

It appears from the record in this case, that George Favor and Fannie Tucker were jointly indicted for the offense of murder; that both were arraigned and pleaded not guilty. The following verdict appears in the record: "We, the jury, find the prisoner at the bar guilty;" signed, John Askew, foreman. The names of the traverse jurors do not appear in the record. A motion was made for a new trial and to set aside the verdict, on the ground that the verdict was contrary to law, contrary to the evidence, and because there were two defendants

jointly indicted for the same offense, and the verdict does not specify which of the two defendants at the bar was found guilty; that the verdict was too indefinite, and uncertain.   Because the court erred in permitting the confessions of the defendant to be given in evidence to the jury, said confessions having been induced by fear.   The court overruled the motion and the defendant excepted.

1.  There was no error in admitting the confession of the defendant made to Moses, under the statement of facts disclosed in the record.  The verdict of the jury was not founded on the confessions of the defendant alone ; there was other corroborating evidence, particularly the conduct of the defendant when search was being made for the body of the deceased in the well where it was found, and therefore the verdict was not contrary to law, under the evidence.

2.  As the verdict of the jury is presented by the record before us, no legal judgment can be rendered upon it.   Two defendants were jointly indicted for the alleged offense, and both were jointly arraigned and pleaded not guilty.   Which of the two did the jury try and find guilty ?   There is nothing in the record going to show that the defendants severed on the trial, or that either of them was tried separately from the other.  The question recurs, which was found guilty by the jury? The judgment of a court depriving a human being of his or her life upon such a record as is here presented, cannot be sustained by this court or any other court where life and liberty are protected by law.   When the state seeks to deprive the citizen of his or her life and liberty, the record of his or her conviction must affirmatively show on the face thereof, that it has been done in accordance with the laws of the land.   It may be that the entire record of the case in the court below, is not here, but there was no suggestion of a diminution of the record ; the state, as is quite too often the case in important criminal cases before this court, was only represented by the brief of the solicitor general of the circuit.   Why the public interest of the state in criminal prosecutions before this court, should not be as carefully looked after and attended to,

as the cases in which private interests alone are involved, is not at all apparent to us, especially in view of the proper execution and enforcement of the public laws of the land for the protection of the people thereof. As the facts appear in the record before us, we feel constrained to reverse the judgment of the court below in not setting aside the verdict and granting a new trial.

Judgement reversed.