### SMITH *vs.* THE STATE OF GEORGIA.

[This case was argued at the last term and decision reserved.]

1. After verdict, an indictment under section 4414 of the Code, will be held sufficient, though it omit the word *privately* in alleging the stealing of goods from a dwelling-house.
2. Where the indictment specifies the goods which were stolen, and alleges that their value was over fifty dollars, a general verdict of guilty is sufficient, without any special finding as to the value of the goods.
3. It has never been the practice in this state to enter on the record the fact that the prisoner and his counsel were present when sentence was pronounced; and the silence of the record as to such fact is no cause for arresting the judgment or setting it aside.
4. A sentence which is preceded by a statement of the case in which it is rendered, need not name the prisoner's offense in the body of it. Nor need it be signed or dated, if it be entered on the minutes as of a particular day, and the minutes of that day be regularly signed by the presiding judge.

Criminal law. Indictment. Verdict. Sentence. Practice in the Superior Court. Judgments. Before Judge TOMPKINS. Chatham Superior Court. February Term, 1877.

Smith and Davis were charged with the offense of larceny from the house of goods over the value of $50.00, for that

they, in the county of Chatham and state of Georgia, on December 20, 1876, with force and arms, from the dwelling-house of one Eldred Geffcken, one pocket-book, of the value of $1.00, and . . . all the property of one Georgia C. Geffcken, therein being found, wrongfully, feloniously, and fraudulently, did take and carry away with intent to steal the same, etc. The jury acquitted Davis, but found Smith guilty. The court sentenced him to the penitentiary for eight years. It did not appear in the record of the case that either the prisoner or his counsel was present when judgment was pronounced. Smith moved to set aside the sentence because it was unsigned, not sufficiently full, the punishment was excessive, and it was unauthorized by the verdict. Also, because the pleadings and record were so fatally defective that no valid judgment could be based thereon.

The judge certifies that the sentence was pronounced and entered on the minutes on January 26, 1877, and the minutes duly signed.

The motion was overruled, and defendant excepted.

A. P. & S. B. ADAMS; P. W. MELDRIM, for plaintiff in error.

A. B. SMITH, solicitor general, for the state.

BLECKLEY, Judge.

1. The indictment omitted the word " privately," in alleging the act of stealing. Objection to it on this ground came too late, after verdict. Code, §4629.

2. The value of the stolen goods being alleged in the indictment, and the allegation being material in grading the punishment, a general verdict of guilty was a finding that the allegation was true. If the value proved had been under fifty dollars, the jury would have returned the fact specially (12 *Ga.*, 298), or rendered a verdict of not guilty.

3. In Georgia practice, the presence of the prisoner and his counsel, in all stages of the proceedings, is assumed, un-

less the contrary appears. The court will do nothing in their absence that ought to be done in their presence, and will, from time to time, see for itself that they are present. But it is not usual to make any special entry in the minutes, or elsewhere, as a memorial of such presence. The reason is, doubtless, that whenever any act or proceeding is recorded as taking place in a criminal case, the presence of the prisoner and his counsel, though not noted expressly, is included in each entry by a kind of implication; or so it is deemed, so long as the fact of presence is not negatived by the record, or by some appropriate evidence *aliunde*. Arraignment is required to be recorded (Code, §§4636, 4638, 4640), but the ordinary form of entering it affords no evidence of the prisoner's presence, other than that which is implied in the fact of the arraignment. To arraign a prisoner in his absence is legally impossible. Therefore, if he was arraigned he must have been present. Sentence, also, is recorded, and the record bears the same kind of testimony to the prisoner's presence, at the time when it was orally pronounced, as on the occasion of arraignment. To sentence a prisoner (in felony, at least,) during his absence, is legally impossible; from which it follows, that if he was sentenced he must have been present. The presence of his counsel, unless dispensed with by consent, is equally within the implication, inasmuch as (except when so dispensed with) their presence is no less essential than his. 51 *Ga.*, 567. As may be seen by the authorities cited by counsel *infra*, this Georgia practice would not suffice in England, nor generally in America. But in all judicial proceedings, this state has long used a concise method of recording—sometimes, it may be, altogether too concise. Brevity, within certain limits, is a great merit; but extreme brevity, like most other extremes, is an imperfection, and the scrappy recording which is in vogue with us is attended, not infrequently, with grave inconvenience. From the language used in 11 *Ga.*, 253, in the head-note, or in that used in the opinion, it need not be

necessarily inferred that the prisoner's presence or that of his counsel was matter of record, in that case, on the minutes of the superior court, or elsewhere in what is termed the record proper. Most probably it appeared to the supreme court from the bill of exceptions, and not otherwise. In a large and loose sense, the transcript and the bill of exceptions taken together are often called "the record," after a case reaches the supreme court. The expression "conceded on the record," as used in the opinion referred to, would scarcely be apropriate if the purpose had been to rest the argument on the contents of a direct entry appearing in the record proper. As the bill of exceptions was prepared and signed by counsel for the plaintiff in error, the statement therein of a fact favorable to the state (the defendant in error), might well be called a concession. The authority most in point on the question before us is 53 *Ga.*, 137. It rules that absence at the rendition of the verdict is a fact extrinsic of the record, and may be proved on a motion to set aside the verdict; and that the judgment will not be arrested because presence does not affirmatively appear, in express terms, on the face of the record. The ground of the decision is, established practice believed to be uniform.

4. Failure to name the offense in the body of the sentence, and to sign the sentence and date it, is not fatal. The case was fully stated at the top, or beginning of the sentence, and both the date and signature were supplied by entering the sentence on the minutes as of a particular day, and the regular signing of the minutes of that day by the judge. As the minutes now stand, they show that the judgment, or sentence, was pronounced by the court, when it was pronounced, against whom, and for what offense. The record is complete, and sufficiently explicit.

Cited by counsel: (indictment) R. M. Charl., 151; 50 *Ga.*, 258 to 261; Code, §§4413, 4414, 4628; 1 Bish. Cr. Pro., §360 *et seq.;* (verdict, value), 2 Arch., Cr. Plead., 372; 1 Greene, 316; 17 Iowa, 329; 46 *Ib.*, 531; 2 Ill., 392; 32

N. H., 106; (record), 54 *Ga.*, 250; 11 *Ib.*, 253, 258; 51 *Ib.*,
569; 6 Am. R., 691; 1 Bish. Cr. Pro., §§925, 931.

Judgment affirmed.