LASSITER *vs.* THE STATE OF GEORGIA.

1. Since the act of 1878 it is not necessary to specify in an indictment whether a burglary was committed in the day or night.

(*a.*) An indictment which charges a crime clearly and distinctly in accordance with the Code, is sufficient.

2. The verdict is supported by the evidence.

3. Both counsel for the defendant in a criminal case were voluntarily absent when the jury returned a verdict, but the prisoner himself was present; the presiding judge had the jury called, and the verdict received; just as this was done one of the counsel came in, and had his attention called thereto by the court; the other counsel came in before the jury dispersed, and neither made any objection to the reception of the verdict:

*Held,* that this was no ground for new trial.

4. Where witnesses are put under the rule, if one of them violates it and remains in the court-room, it does not disqualify him, but renders him subject to be punished for contempt.

5. If the remarks or conduct of the court in discharging one jury are prejudicial to the rights of a defendant who is to be tried before another jury, the point should be made, and a proper ruling should be invoked by asking a continuance or otherwise. It is too late, after verdict, to raise the point for the first time.

(*a.*) In this case it does not appear that any of the second jury were present when the first was discharged, and no injury seems to have resulted to the defendant.

Criminal Law. Indictment. Verdict. Practice in the Superior Court. Witness. Before Judge HILLYER. Fulton Superior Court. April Term, 1881.

In addition to the report contained in the decision it is only necessary to add the following:

John Lassiter was indicted for the offence of burglary, for that he, on the 7th day of February, 1881, did break and enter with force and arms the store-house of Mark Berry, of said county, where valuable goods were stored, with intent to steal, and breaking and entering the same, did take, steal, and carry away, with intent to steal the same, one pair of boots of the value of five dollars and of the personal goods of said Berry.

Defendant demurred to the indictment; the demurrer was overruled, and after trial of the case upon its merits, a verdict of guilty was rendered. Defendant moved for a new trial, which was overruled, whereupon he excepted.

E. A. ANGIER; JOHN G. COLDWELL, for plaintiff in error.

B. H. HILL, JR., solicitor general, by brief, for the state.

SPEER, Justice.

1. The plaintiff in error was indicted for the offence of burglary, of which he was convicted. He made a motion for a new trial, which was overruled by the court, and he

excepted. On the arraignment of the accused, his coun-
sel demurred to the indictment upon the ground, "that it
failed to allege whether the offence charged was commit-
ted in the day or night, and failed to specify the alleged
felony defendant intended to commit." The demurrer
was overruled by the court, and prisoner excepted. The
indictment shows that the offence was clearly and dis-
tinctly set forth in the language of the Code, and that is
all the law requires. Code, §§4628, 4386. Since the act
of 1879 all distinction between burglary in the day and
night time has been abolished, and this supersedes the ne-
cessity of alleging (as was formerly the case) whether the
offence was committed in the day or night. There is now
but one offence of burglary known to the law of this state.
Acts of 1878-9, page 65. The demurrer was, therefore,
properly overruled.

. The first ground of the motion for the new trial was the
error assigned on overruling the demurrer.

. 2. The 2d, 3d, 4th and 5th grounds, which were that the
verdict was contrary to law, contrary to evidence, as to the
venue of the offence, against the evidence and weight of ev-
idence, are overruled, as, in our opinion, the evidence was
sufficient to sustain the verdict, and is not contrary to law.

3. As to the 6th ground, "that the verdict was received
in the absence of both defendant's counsel," the court
adds the following note in reference to this ground of
the motion : " The court met at the appointed time, and
the jury having made up their verdict came into the box.
The prisoner was present ; the court called for the coun-
sel, they were not present and did not respond ; they had
no leave of absence, and the business of the court was
very large and time pressing, and the court felt that it
would be wrong and setting a bad precedent to wait on
the prisoner's counsel ; and the court ordered the clerk to
call the jury, which he did, and they all answered to their
names in the regular manner. The court directed the so-
licitor general to receive the verdict ; the foreman handed

it to him, and he read it aloud; just as he did so, and before handing it to the clerk, Mr. Coldwell, one of the prisoner's counsel, came in, and the court stated to him what had occurred, and asked him to present any matter in connection therewith.   He made no request to poll the jury, but merely replied he had nothing to suggest, as Mr. Angier was leading counsel. The verdict was then handed to the clerk, and in a few minutes—perhaps less than two minutes—Mr. Angier came in; the jury were still in the box and had not dispersed or been separated; Mr. Angier made no request or motion in the premises, and the verdict was received." Under the modification of this ground, as made by the court, we see no error in overruling it.   One of the counsel of defendant, and probably both, were present in court in ample time for the defendant to avail himself of all his legal rights on the return of the verdict, and consequently no harm could have resulted to him under the facts as detailed by the court.

4. There was no error in allowing the witness, Berry, to be recalled (he being the prosecutor in the case), as complained of in the seventh ground of the motion, on the objection made that the witnesses on both sides had been put under the rule excluding them from the courtroom during the trial, and Berry having been examined, had remained in court, in violation of the rule, before he was recalled to the stand as a witness.   As has been ruled by this court in the case *Rooks vs. The State*, at September term, 1880, a witness who may violate the rule on such an occasion is not thereby incompetent to testify; he is only liable to be punished for contempt for a disobedience of the order of the court.   The eighth, ninth and tenth grounds of the motion, making a like complaint as to other witnesses, is disallowed for the same reason.

5. Neither can we see how the action of the court in discharging a jury who had acquitted one Eller, on a previous trial, charged with the offense of murder, could

have prejudiced the rights of the defendant. No complaint was made for this cause prior to entering upon the trial of the defendant. No motion to continue this cause on account of any alleged arbitrary action of the court in his conduct towards another jury. The jury who tried defendant was one of his own selection, and if he had reason to believe that the action of the court in the other case would have any influence on the jury selected to try his case, prejudicial to a fair trial, his business was to make known his cause of complaint before entering on said trial, and before the jury were selected. Neither does it appear that any of the jury who were on the trial of defendant were present and heard the remarks of the court addressed to the other jury who were discharged. There is nothing in the verdict rendered, under the facts, showing any prejudice against the defendant. We are not called upon to set aside verdicts upon the mere presumption of prejudice in the jury; facts must be submitted to establish such a ground.

We decline to review the action of the court in the Eller case, referred to in the 13th ground of this motion, only so far as it may have affected prejudicially the rights of this defendant upon this trial, and we see no well-grounded cause of complaint by this defendant, under the facts as stated in the motion and as explained by the court. Neither do we find any error in the complaints as set forth in the 15th, 16, 17th and 18th grounds of the motion.

Where there is sufficient evidence to support the verdict, and the court below is satisfied with it, and there is no error of law, we have too often ruled that this court will not interfere now to seek to make the case at the bar an exceptional one.

Let the judgment below be affirmed.