## 1763.   HAWKINS v. THE STATE.

1. Whether a confession was freely and voluntarily made, when issuable, should be submitted to the jury for determination; but where the State's evidence shows that an alleged confession was not freely and voluntarily made, the court should not allow it to go to the jury. The alleged confession in this case, having been shown by the evidence for the State to have been induced by a well-founded fear of punishment, should have been excluded.

2. On a trial for burglary, where the indictment charged the larceny of described articles, evidence tending to show a larceny by the defendant of other articles than those described in the indictment would not be admissible against him, unless the evidence showed also that the other articles were in the house when the burglary was committed, and were then stolen therefrom, or their larceny was in some way connected with the burglary and the taking of the property described in the indictment.

Indictment for burglary, from Jasper superior court—Judge Lewis. February 17, 1909.

Submitted March 30,—Decided April 15, 1909.

*A. Y. Clement,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.

HILL, C. J.   The plaintiff in error, a negro boy about thirteen years of age, was convicted of burglary; and his motion for a new trial was overruled. The evidence for the State shows, that the storehouse of the prosecutor had been · burglarized, and that the

property set out in the indictment, consisting of $7 in silver money, three pounds of cheese and five pounds of crackers, had been stolen therefrom. Several days thereafter this boy attempted to open the cash drawer in another storehouse, and, for this attempt, was severely whipped by the owner of the store. Immediately after this whipping had been administered to him, the son of the prosecutor came into the store and proceeded then and there to administer another severe whipping to the boy, and, after he had finished, asked him if he had not broken his father's store open. At first he denied it, but after the two persons who had administered the castigation had argued "a little bit with him," he finally said that he and his brother went into the store and took certain things,— among them, money. The evidence does not disclose the character of the argument which these two men used with the boy, except the whipping that they had both given him. Subsequently, on the same day, while he was in jail, the prosecutor went to see him, and the boy again confessed that he and his brother had entered the storehouse and stolen some of the property described in the indictment. This witness testified that he did not think that "the whipping, or the influence of fear of a whipping, had anything to do with his confession in the jail;" but the son who had whipped him on the same day, and the sheriff who had arrested him, were present when he made this last confession.

1. The rule is that where the State's evidence shows that an alleged confession was not voluntary, the court should exclude it entirely from the jury. But where the evidence for the State and the defendant make the question as to whether it was freely and voluntarily made an issuable fact, the alleged confession should be allowed to go to the jury, for the purpose of determining whether it was in fact voluntarily made. We think the State's evidence in this case clearly shows that the confession was not made without the "remotest fear of injury." It would seem that the confession that immediately followed the infliction of two severe whippings might reasonably be attributed to an apprehension on the part of the boy that he would be again whipped if he did not confess. It is true that the boy again confessed that afternoon in the jail to the prosecutor, but probably he had not entirely forgotten the whippings which he had received in the morning; and the fact that the prosecutor's son who had whipped him was present in jail

when he made the last confession might have quickened somewhat his recollection of the morning's occurrence. Taking into consideration the boy's age, his lack of intelligence, and the two whippings which he had received, and remembering that this character of evidence should be received with great caution, a confession made under the circumstances was not only without any probative value, but should not have been allowed to go to the jury at all. Penal Code, §§1005, 1006; *Dawson v. State, 59 Ga.* 334.

2. Over the objection of the defendant, the State was allowed to show by the prosecutor that he had lost from his storehouse other property besides that set out in the indictment. There was no evidence that this other property had been taken from the storehouse the same night when the store was burglarized and the property described in the indictment stolen therefrom. Indeed, it is not clear from the evidence that this other property was stolen by any one; and certainly it does not appear in any manner that the defendant had anything to do with this larceny. If it had been shown that this other property was taken from the storehouse on the occasion described in the indictment, this evidence would have been an incriminating circumstance, and could have been shown, although it was not among the articles set out in the indictment. But where the evidence fails to show that this property was taken from the storehouse at the same time that the property described in the indictment was stolen, the fact that it may have been stolen therefrom at some other time was entirely irrelevant, and did not in any manner tend to connect the defendant with the larceny of the articles described in the indictment. The admission of this testimony was, in our opinion, prejudicial error. This evidence and the alleged confession necessarily contributed in a very large measure to the conclusion of the jury that the defendant was guilty. Outside of this evidence, the case made by the State against the defendant was exceedingly weak; and it certainly could not be strengthened by a confession proved by the State's own witnesses to have been virtually extorted from a young and weakminded boy under a well-founded apprehension of punishment, and by the irrelevant fact that on some other occasion than that set out in the indictment other property than that described in the indictment had probably been taken from the storehouse by the defendant.                    *Judgment reversed.*