## RICHARDS *v.* THE STATE.

BECK, J.    1.    Under the evidence submitted by the State on the trial, the killing of the decedent by the accused was murder, and there was no evidence to authorize the jury to find the defendant guilty of the crime of involuntary manslaughter in the commission of an unlawful act; consequently the court did not err in failing to charge the jury upon that grade of homicide, even if such a charge would have been authorized under the statement made by the accused, there being no written request made for a charge upon that subject.

2. The verdict in this case was received and published in open court in the absence of defendant's counsel, and one ground of the motion for a new trial complains of the reception of the verdict under these circumstances. It appears from a note by the court, relative to this ground, that before counsel for the accused left the court-room he was informed by the court "that inasmuch as the hour was late and the court wished to discharge the jury without unnecessary delay, he must remain near by in the event the jury agreed. He [counsel] replied that he would be near by, and, if not in or near the court-house, he would be found at his boarding-house. When the judge received information . . that a verdict had been reached, he went to the court-house and ordered [counsel] sent for at his boarding-house. The bailiff returned and stated that counsel was not there. The court then had him called from the windows, and, after awaiting a reasonable time and not being able to get him present, ordered the jury brought in and received the verdict. . . Defendant was present in the court when the verdict was received." *Held,* that, under the foregoing facts and circumstances, the refusal to grant a new trial on the ground of the absence of defendant's

counsel at the time of the reception of the verdict was not error. *Roberson* v. *State*, 135 *Ga.* 543 (70 S. E. 175).

3. Nor was the verdict vitiated by the fact that at the time of its reception in open court the clerk of the court was absent, and "the court ordered the solicitor-general to take charge of the indictment and verdict, and on the following morning, and in the presence of the court, the same was handed to the clerk." *Robinson* v. *State*, 128 *Ga.* 254, (57 S. E. 315).

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*
MARCH 14, 1911.

Indictment for murder. Before Judge Worrill. Early superior court. December 15, 1910.

*Jesse W. Walters* and *Charles D. Russell*, for plaintiff in error.
*H. A. Hall, attorney-general, J. A. Laing, solicitor-general,* and *R. R. Arnold,* contra.