## BALDWIN *v.* THE STATE.

1. It is not cause for a new trial that the verdict was returned into court and received during the voluntary absence of the defendant's counsel, under the circumstances narrated in the opinion.

2. Where a witness called by the defendant testifies to his good character from general reputation, it is allowable, on cross-examination, for the witness to testify to his having heard of specific instances of conduct tending to disprove the witness's estimate of the defendant's character.

3. In the absence of a written request, ordinarily the failure of the court in his charge to apply a rule of evidence to the testimony of a particular witness is not cause for a new trial.

JULY 9, 1912.

Indictment for murder. Before Judge Littlejohn. Stewart superior court. May 20, 1912.

*G. Y. Harrell,* for plaintiff in error. *T. S. Felder, attorney-general,* and *J. R. Williams, solicitor-general,* contra.

EVANS, P. J. The plaintiff in error, Jack Baldwin, was convicted of the murder of Alice Scott. From the evidence and the defendant's statement the jury were authorized to find: that the accused and the deceased had been living in a state of concubinage; that, being informed that the deceased intended to marry another man, the accused went to a house where the deceased and this man were visiting, called the deceased to him, and, with a declaration that he intended to kill her, stabbed her eleven times, with the result that she died in ten minutes from the wounds. The accused introduced a witness that he was in a drunken condition shortly before the homicide; and in his statement the accused admitted that he went to the house where the homicide occurred, on the invitation of the deceased, but disclaimed knowing anything about inflicting the mortal wounds.

1. In his motion for new trial the accused complains that the court received the verdict in the absence of his counsel. The trial judge certifies that during the term counsel for the accused had absented himself from the court-room in other cases in which he was sole counsel, after the cases had been submitted to the jury, resulting in delay in the effort to call counsel into the court-room, and he was twice admonished by the court that if he voluntarily absented himself again, the court would receive verdicts in his cases during his absence. When the jury in the present case came into the court-room to render their verdict, the defendant was present, but counsel for defendant, without permission of the court,

had absented himself from the court-room. The judge directed an officer to look for counsel in the lawyers' consulting-room. He was not there. Counsel was then called from the court-room window, but not at the instance of the judge. The judge waited a little while for counsel to appear, and then received the verdict. The jurors were standing at the bar rail on the outside of the space reserved for the bar when the verdict was received. Counsel entered just as the jurors were taking their seats, not in the jury box, but just beyond the bar railing. The judge could not say that the jurors did not sit down where persons other than the jury were sitting, but few of the jurors were actually seated when counsel came into the court-room. He was at once informed of the verdict and its nature, and made no request for a poll of the jury. Under these circumstances the refusal to grant a new trial on the ground of the absence of defendant's counsel at the time of the reception of the verdict was not error. *Roberson* v. *State,* 135 *Ga.* 654 (70 S. E. 175); *Richards* v. *State,* 136 *Ga.* 67 (70 S. E. 868).

2. The accused called a witness to establish his character for peaceableness or violence. On cross-examination this witness was allowed to testify that he had heard of the accused whipping the deceased a time or two, over the objection that the testimony was hearsay. There was no error in this ruling. Where a defendant calls a witness to establish his good character, and the witness testifies that from general reputation he regards the defendant's character as good, it is competent on cross-examination to elicit the witness's information of specific instances of conduct tending to disprove the witness's estimate of his character. *Dotson* v. *State,* 136 *Ga.* 243 (71 S. E. 164).

3. Complaint is made that the court failed to instruct the jury that the testimony to which reference is made in the preceding division of the opinion was admissible only for the purpose of ascertaining the accuracy of the witness's knowledge of the defendant's character. There was no request for such an instruction. In the absence of a written request, the failure of the judge in his charge to apply a rule of evidence to the testimony of a particular witness is not cause for a new trial. *Holmes* v. *State,* 131 *Ga.* 806 (63 S. E. 347).

The verdict is supported by the evidence, and no reason appears for reversing the judgment refusing a new trial.

*Judgment affirmed. All the Justices concur.*