## BROWN *v.* THE STATE.

1. In the circumstances set forth in the motion for new trial, it was cause for reversal that the verdict was returned into court and received in the absence of the defendant's counsel.

2. The provisions of the Penal Code (1910), § 73, are applicable only in cases of mutual combat; and as there was no evidence submitted on the trial of this case tending to show mutual combat, it was not error to fail to give in charge to the jury the provisions of that section.

No. 2396.    MAY 11, 1921.

Indictment for murder. Before Judge Walker. Warren superior court. December 18, 1920.

John Brown Jr. was convicted of murder, and sentenced to the penitentiary for life. The case is for review on a writ of error excepting to the overruling of his motion for a new trial. One ground of the motion for a new trial is that the court erred in receiving the verdict in the absence of the sole counsel for the defendant in the circumstances set forth in the record, which are to the following effect: After the evidence submitted on the trial had been concluded, argument heard, and the charge given, the jury retired to consider as to their verdict about 5 or 5.30 o'clock p. m. The court then excused the jurors not engaged in the trial of movant's case, and announced a recess until next morning. The sole counsel of the defendant thereupon left the court-room, in company with the judge, the latter going to his room, and counsel going to his home,

32

a few hundred yards from the courthouse, and from there took a ride in his automobile, returning at about six o'clock p. m. the same day. During the counsel's absence the judge, being informed by a bailiff that the jury had reached a verdict, returned to the court-room, and, not being able to communicate with movant's counsel, had movant brought in, and inquired of an attorney of the court present, who was in no way connected with the case, if he would represent movant's counsel while the verdict was received, and, upon receiving an affirmative answer, asked if he would waive the polling of the jury, which inquiry was also affirmatively answered. Thereupon the verdict was received and published, and the jury rendering it were discharged. While the defendant was present during this proceeding, he never consented to any part of it, nor did he waive the presence of his sole counsel, nor authorize any one else to do so, nor agree that any one should be appointed to represent him, nor was he requested to do any of these things. The ground of the motion contains this: " The judge states that he informed the sheriff that as soon as said jury trying said case should make a verdict to notify him, and he would come and receive it. L. D. McGregor, sole counsel for the defendant, John Brown Jr., did not hear such statement made by the judge to the sheriff, neither did the defendant, John Brown Jr., hear such statement." This ground of the motion and all others were approved by the court.

On the hearing of the motion the affidavits of the movant, his sole counsel, the attorney who represented the movant at the request of the court when the verdict was received and published, and the clerk of the court were submitted to the judge in support of this ground of the motion. No counter-affidavits or showing were submitted in behalf of the State. After argument on the motion on November 27, 1920, the judge took it under consideration, reserving his decision thereon until December 18, 1920, when he passed the following order refusing a new trial: " This petition for new trial came on to be heard and was heard at the time and place fixed by previous order. I reserved by decision until this day. Now, after due consideration of such motion, I deny a new trial. As to grounds that movant's counsel was not in court when the verdict was read, I desire to say that when I excused other jurors for the evening I announced from the bench to the sheriff that as soon as

this jury made a verdict that I'd come back into court and receive the verdict and relieve this jury; this with sufficient tone for all to hear who were in attendance upon the court and interested and paying attention. In addition, it was known to the bar and officers of the court that it was the universal practice and custom of the court to always receive verdicts and relieve jurors in homicide cases as soon as notified they had reached a verdict, all known to movant's counsel. This verdict was received at six o'clock p. m., and before nightfall. The court heard no complaint nor objection from movant nor from his counsel as to the reception of such verdict in the absence of his counsel until the next calling after the court had reconvened from its dinner recess, passed sentence and closed record on movant in said case."

*L. D. McGregor,* for plaintiff in error.

*R. A. Denny, attorney-general, M. L. Felts, solicitor-general,* and *Graham Wright,* contra.

FISH, C. J. (After stating the foregoing facts.)

1. We will first consider the ground of the motion for new trial based on the absence of the sole counsel of the accused when the verdict was received. In the " bill of rights " of the constitution of this State it is declared: " Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel." Civil Code, § 6361. This constitutional right guarantees to one on trial for a crime alleged against him, and who enters thereupon with counsel employed by him present and defending him, to have such counsel present at every stage of the proceedings, so that he may personally see and know what is being done in the case, and " defendant does not lose this privilege, unless by a clear and distinct waiver thereof." *Martin* v. *State,* 51 *Ga.* 567. To say that no injury results when it appears that what occurred in the absence of counsel was regular and legal, would, in effect, practically do away with this great and important right, one element of which is to see to it that what does take place is in accord with law and good practice. *Hopson* v. *State,* 116 *Ga.* 90 (42 S. E. 412). In *Martin's* case, supra, there was a reversal because the court recharged the jury in a criminal case where counsel for defendant was absent from the court-room at the time, without leave of the court, but on account of a misunderstanding between counsel for the State and the defendant. It was said in the opinion: " It is

said that under the rule we hold in this case, courts might be embarrassed in the administration of justice, that cases could not be conducted with certainty to a conclusion if counsel for a prisoner could stop the trial by wilfully absenting himself from the courthouse. To this objection it may be replied that courts are armed with plenary authority to enforce the discharge of duty on the part of all their officers. And, besides a fitting and proper penalty on derelict counsel in the case supposed, they could, in cases when the necessity arose, require the defendant to procure other counsel, or make the appointment for him. If the absence of counsel resulted from a cause which would be a good ground for continuance, and it would not be proper to substitute other counsel, it were better that there should be a continuance, or at least a temporary postponement, than that one not skilled in the law, and who was largely ignorant of his legal rights and perhaps totally ignorant of the practice on which those rights rested, should lose a privilege, the value of which cannot be estimated, and which the organic law says shall not be taken from him. So, in this case, it would not probably have taken much time, possibly a few minutes, to have secured the attendance of defendant's counsel, or, had that been impossible, other counsel might have been chosen by the defendant or appointed by the court. An effort in that direction would have been proper. As this important privilege was lost to the defendant in this case, and at a critical stage of the trial, through a mistake of the State's counsel, at least it is positively so stated by defendant's counsel, and doubtless the court was misled by it, we think that there should be a new trial." The right of the accused to have his counsel present during the entire trial of his case has been recognized by this court in a number of other cases. *Smith* v. *State,* 60 *Ga.* 430; *Lassiter* v. *State,* 67 *Ga.* 739; *Roberson* v. *State,* 135 *Ga.* 654 (70 S. E. 175); *Richards* v. *State,* 136 *Ga.* 67 (70 S. E. 868); *Baldwin* v. *State,* 138 *Ga.* 349 (75 S. E. 324). But in these cases new trials were not granted, under the special facts involved. In *O'Bannon* v. *State,* 76 *Ga.* 29, it was broadly held: "There was no error in receiving the verdict in the absence of the prisoner's counsel, the prisoner being present." The ruling there made is not in accord with the prior decisions of this court, and has never been cited or approved, so far as we are aware. And moreover, in view of the note of the trial judge to the ground

of the motion for new trial in *O'Bannon's* case, which was over-ruled, such judgment might have been affirmed for the same reasons given in later decisions.

After much thought and deliberation as to this ground of the motion for new trial, we have·concluded, in view of all the circumstances, that a new trial should have been granted. The ground of the motion states that neither the defendant nor his counsel heard the judge make any statement to the sheriff that, in the event the jury should arrive at a verdict, upon being notified of that fact the judge would return to the court-room and receive it. The ground of the motion was unqualifiedly approved by the judge, and on the hearing of the motion the affidavits of the defendant and his counsel as to the truth in this respect of the ground were submitted. The State introduced no evidence to the contrary; nor did the judge, in so far as appears from the record, then make any statement in relation to the matter, but subsequently, after considering the motion and when he overruled it, stated that he announced to the sheriff from the bench that if the jury made a verdict he would return to the court-room and receive it, and that this was said in a tone sufficient for all to hear who were in attendance upon the court, interested and paying attention; and, moreover, that it was the universal practice and custom of the court to receive verdicts in homicide cases as soon as notified that they had been made, and that this was known to counsel of the defendant. Even if this could be considered a clear and distinct waiver on the part of the defendant, who, though present, was not asked by the court if he would waive the absence of his counsel and the polling of the jury when the verdict was received, or if he would consent to the appointment of counsel for him, we think the judge should have made the statement in reference to the matter at the hearing of the motion, in order that the defendant and his counsel might have had the opportunity and benefit of answering it, if they could.

The only other special ground of the motion is that the court erred in failing to give in charge to the jury the provisions of the Penal Code (1910), § 73. This court has held in a number of instances that the provisions of this section apply only to cases of mutual combat. *Jordan* v. *State,* 117 *Ga.* 405 (43 S. E. 747), and cases cited; *James* v. *State,* 123 *Ga.* 548 (51 S. E.

577). A critical examination of the evidence in the record fails to show anything tending to make a case of mutual combat. Accordingly, the failure to give in charge the provisions of this section was not error. *Judgment reversed. All the Justices concur.*