### 13293. PARHAM *v.* THE STATE.

LUKE, J. Where, after the close of the evidence, the arguments, and the charge of the court, and after the retirement of the jury, the court announced a recess until a certain time, and before the time thus fixed the verdict was received in the absence of the defendant, although counsel for the defendant was present and interposed no objection, the announcement of the court was notice that nothing would be done in the case during the recess, and the defendant had the right to act upon this and absent himself; and, there being no waiver by him of his constitutional right to be present at every stage of his trial, the judgment overruling the motion for a new trial, which contained a special ground setting out the above stated facts and complaining that the court erred in receiving the verdict in the absence

of the defendant, must be reversed. *Brown* v. *State*, 151 *Ga.* 497 (107 S. E. 536); *Bryant* v. *Simmons*, 74 *Ga.* 405.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MAY 10, 1922.

Indictment for assault with intent to murder; from Elbert superior court — Judge W. L. Hodges. January 21, 1922.

*J. T. Sisk, J. S. Haley,* for plaintiff in error.

*A. S. Skelton, solicitor-general,* contra.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*