## 15330. WILSON et al. v. THE STATE.

LUKE, J. 1. Where, fifteen minutes after the jury retired to consider their verdict, counsel for the accused voluntarily absented himself from the court, without leave, and, during the same session, the court was regularly advised that the jury had agreed upon a verdict, and the court had counsel for the accused called and made a reasonable effort to locate him, and failing to do so, received the verdict during his absence, caused the jury to be polled, and thereupon sentenced the prisoners in accordance with the verdict so received, this was not error requiring the grant of a new trial, the defendants being present in court. *Roberson* v. *State*, 135 *Ga.* 654 (2) (70 S. E. 175); *Richards* v. *State*, 136 *Ga.* 67 (2) (70 S. E. 868).

2. Under the facts of this case, the court did not err in charging the jury as follows: "One of the circumstances the State contends is proven in this case is that these defendants were found in possession of the car alleged to have been stolen, shortly after it was stolen the next day. If you believe from the evidence, as a matter of fact, these defendants were found in possession of this car the next day after it was stolen, if it was stolen, you would be authorized from that circumstance alone to infer that it was stolen and infer the guilt of the defendants; that is, you would be authorized to so find. But it is a question for the discretion and judgment of the jury as to whether that circumstance alone would be sufficient to so find. The law says if you believe it, you may find the defendants guilty from that circumstance alone. But, after all, it comes back to the general proposition, that guilt must be shown beyond a reasonable doubt." The sole criticism urged against this charge is that "it absolutely eliminated from the consideration of the jury the question of the reasonable explanation of the possession of stolen property which a defendant may make and which is a good defense under the law." If the defendants, or either of them, had undertaken to make any explanation of their possession, there might be some foundation for this criticism; but, while the evidence tended to show that the automobile was stolen at night and was found in the possession of the defendants early on the following morning, yet, instead of undertaking a satisfactory explanation of such possession on their part, each of the defendants denied it.

3. The evidence authorized the verdict finding the defendants guilty of the larceny of an automobile as charged, and for no reason assigned was the judgment of the lower court overruling the motion for a new trial erroneous.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED APRIL 16, 1924.

Indictment for larceny of automobile; from Bibb superior court —Judge Mathews. December 3, 1923.

*C. D. Irwin, W. A. McClellan,* for plaintiffs in error.
*Charles H. Garrett, solicitor-general,* contra.