### 30746. GILLEY *v.* THE STATE.

MACINTYRE, J. 1. Where the defendant was charged with the offense of possessing distilling apparatus, an instruction that "The defendant, Denver Gilley, has made to you a statement, which he is allowed to do under the law of the State of Georgia, our law being that the defendant in a criminal case may make to the court and jury such statement in his defense as he may deem proper. It is not under oath and it is not subject to cross-examination; you may give it such weight and credit as you feel it is entitled to receive. You may believe it in whole, you may believe it in part, and you may believe it in preference to the sworn testimony in the case," is not erroneous by the inclusion of the clause, "it is not under oath and it is not subject to cross-examination." *Ryals* v. *State*, 125 *Ga.* 266 (54 S. E. 168) ; *Dunahoo* v. *State*, 46 *Ga. App.* 310, 312 (167 S. E. 614). See *Cargile* v. *State*, 137 *Ga.* 775 (2) (74 S. E. 621), as to what is the better practice.

2. The Supreme Court "has frequently decided that the judge may construct his charge upon the various issues made by the evidence; and that if a defense is set up in the statement alone, it is not error for the judge to omit submitting the law appropriate to such defense, in the absence of a timely written request." *Watson* v. *State*, 136 *Ga.* 236, 239 (71 S. E. 122) ; *Carter* v. *State*, 15 *Ga. App.* 343 (83 S. E. 153) ; *Wilensky* v. *State*, 15 *Ga. App.* 360 (83 S. E. 276).

3. The evidence authorized the jury to find that the venue of the alleged offense was established as being in Carroll County, as alleged, and to find further that the defendant was guilty as charged.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED MARCH 16, 1945.

*Emmett Smith,* for plaintiff in error.
*Earl Staples, solicitor,* contra.