32621. HARRELL *v.* THE STATE.

DECIDED FEBRUARY 8, 1950.

*Bell & Baker, Cain & Smith,* for plaintiff in error.

MacINTYRE, P. J. The defendant, G. C. Harrell, was indicted for hog stealing in Grady County. He was tried, convicted, and sentenced. His motion for a new trial was overruled and he excepted.

1. Both special ground 1 and special ground 4 complain that the court failed to instruct the jury as to the form of its verdict in the event it should find the defendant not guilty. The court charged the jury, in part, as follows: "To the indictment filed against him, the defendant has entered his plea of not guilty, and the allegations of the indictment on the one hand and the plea of not guilty of the defendant on the other, form the issue which you have sworn that you will well and truly try and a true verdict make according to the evidence. This defendant, as do the defendants in all criminal cases in this State, enters upon his trial with the presumption of innocence in his favor, and this presumption remains with and shields and protects him throughout his trial, and until and unless this presumption is overcome by competent proof and testimony sufficient to satisfy your minds and consciences of the guilt of the defendant beyond

a reasonable doubt. . . Moral and reasonable certainty is all that can be expected in legal investigations. Whether dependent upon positive or circumstantial evidence, the true question in criminal cases is not whether it be possible that the conclusion at which the evidence points may be false, but whether the testimony is sufficient to satisfy your minds and consciences beyond a reasonable doubt [of the guilt of the defendant]." (Brackets ours.) Where the court in its charge to the jury stated that the defendant is presumed to be innocent and that this presumption goes with the defendant throughout the trial unless the jury is satisfied by the evidence of his guilt beyond a reasonable doubt, we think that the jury clearly understood that the converse of this proposition was included in the proposition itself and that if they did not believe beyond a reasonable doubt that the defendant was guilty, they would have understood, and could have understood nothing else but that in substance and in form their verdict should have been "not guilty." While it is not the best or even a commendable practice, it is not, therefore, reversible error after giving the form of the verdict of guilty which the jury may render under the law and the evidence to omit inadvertently to instruct the jury as to the form of its verdict if it finds the defendant not guilty, under the facts of this case. In short, we think the case of *Yancy* v. *State*, 173 *Ga.* 685 (2) (160 S. E. 867), is controlling of and adverse to the contentions of the defendant in special grounds 1 and 4 of the motion for a new trial.

2. Special ground 2 complains that the court erred in instructing the jury as follows: "Gentlemen, the defendant being charged with simple larceny the court charges you that simple larceny is the unlawful and fraudulent taking and carrying away of the personal goods of another with intent to steal the same," and after so charging and in connection therewith in charging: "And in that connection, the court charges you that the slightest change of location whereby complete dominion of property is transferred from the true owner to the trespasser is proof of the allegations so far as taking the property is concerned." The defendant contends that the charge was "misleading and prejudicial in that it tended to instruct the jury that the mere transfer of property from the true owner to the

trespasser would be sufficient to make out the crime of taking and carrying away the property of another with intent to steal the same and was therefore erroneous and contrary to law." This portion of the charge of which the defendant complains was immediately followed by this portion of the charge: "Intent to steal is a material element in the offense of simple larceny. The court charges you that the burden is not upon the State to establish or prove that each of the animals described in the indictment was stolen, but if the State proves to your satisfaction beyond a reasonable doubt that either one or more of the animals described in the indictment were taken by the defendant with intent to steal the same, then the allegations of the indictment would be proven so far as taking with intent to steal is concerned. The portion of the charge complained of is, therefore, not subject to the criticism made by the defendant. The first portions of the charge do not instruct the jury that "the slightest change of location whereby the complete dominion of property is transferred from the true owner to the trespasser is proof of the allegations" of simple larceny. It is simply an instruction that this would establish *asportation,* one of the essential elements of simple larceny, or as the court phrased it: "is proof of the allegations [of] *taking* the property." The rule is that "to complete the offense of larceny, the slightest change of location, whereby complete dominion of the property is transferred from the true owner to the trespasser is sufficient evidence of asportation." *Johnson* v. *State,* 9 *Ga. App.* 409 (2) (71 S. E. 507). The portion of the charge which we have quoted as immediately following the portion complained of covers the element of intent to steal. Thus the court correctly charged the jury relative to these two essential elements of the crime of simple larceny—the taking and carrying away of the property and the intent to steal the same. There is, therefore, no reversible error in this ground upon the assignment made.

3. " 'The Supreme Court "has frequently decided that the judge may construct his charge upon the various issues made by the evidence; and that, if a defense is set up in the statement [of the defendant] alone, it is not error for the judge to omit submitting the law appropriate to such defense, in the absence of a timely written request." *Watson* v. *State,* 136 *Ga.* 236, 239

(71 S. E. 122); *Carter* v. *State*, 15 *Ga. App.* 343 (83 S. E. 153); *Wilensky* v. *State*, 15 *Ga. App.* 360 (83 S. E. 276).' *Gilley* v. *State*, 72 *Ga. App.* 197 (33 S. E. 2d, 560)." *Webb* v. *State*, 73 *Ga. App.* 748 (38 S. E. 2d, 54). The instant case is differentiated from the case of *Morris* v. *State*, 5 *Ga. App.* 300 (63 S. E. 26), in that in the instant case the record shows that the defendant introduced no evidence in explanation of his recent possession of the stolen property and the only issue upon this point was raised by his statement. In the *Morris* case the original record shows that the defendant in his statement admitted the recent possession of the property alleged to have been stolen, and introduced the testimony of several witnesses who testified, in explanation of the defendant's possession of such property, that he had obtained it from a third party. In the instant case neither the witnesses of the defendant nor the defendant in his statement to the jury admitted the possession of the stolen property in the defendant and gave no explanation of his possession of such stolen property. It would be anomalous indeed for the defendant to deny that he was in possession of the property alleged to have been stolen, and in the same breath explain his recent possession of the very property which he denies he ever possessed. Under these circumstances, it was not necessary for the court to charge the jury on the reasonableness of an explanation of the recent possession of the stolen property. *Floyd* v. *State*, 54 *Ga. App.* 250 (2) 253 (187 S. E. 679). The *Morris* case is analogous to a case wherein the defendant admits shooting at another but pleads justification—or rather like the plea of confession and avoidance in a civil case—while the present case is analogous to a case wherein the defendant is charged with shooting at another and denies shooting at all, with no attempt to justify a shot which he denies he fired.

4. The evidence authorized the verdict and the court did not err in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed.* *Gardner and Townsend, JJ., concur.*