### 39050. DUKE v. THE STATE.

TOWNSEND, Presiding Judge. 1. Where an indictment was returned against the defendant at the September, 1960, term of the Superior Court of Jeff Davis County, and the defendant took no action at that term or the following December term, it was not error, on the call of the case for arraignment and trial at the March, 1961, term for the court to deny a motion for continuance made on the sole ground that counsel had only been employed the day before and wished additional time to prepare special demurrers to the indictment. The defendant must be afforded benefit of counsel, and this includes time sufficient for counsel to prepare for trial, but where the defendant was apprised of the charge against him at a previous term of court and himself fails or neglects to procure counsel or ask the court to do so for him there is no error in refusing a request for additional time on the ground that the counsel has himself had insufficient time to prepare the defense. *Shivers v. State,* 53 Ga. 149; *Jones v. State,*

115 Ga. 814 (42 SE 271). It is the defendant's duty to employ an attorney to aid in the preparation of his defense sufficiently in advance of the trial of the case. *Hall v. State*, 22 Ga. App. 112 (95 SE 936).

2. "The right of the accused to have his counsel present during the entire trial of his case has been recognized by this court in a number of other cases. *Smith v. State*, 60 Ga. 430; *Lassiter v. State*, 67 Ga. 739; *Roberson v. State*, 135 Ga. 654 (70 SE 175); *Richards v. State*, 136 Ga. 67 (70 SE 868); *Baldwin v. State*, 138 Ga. 349 (75 SE 324." *Brown v. State*, 151 Ga. 497, 500 (107 SE 536). In that case the ruling in *O'Bannon v. State*, 76 Ga. 29, to the effect that it was not error to receive a verdict in the absence of the defendant's counsel, the defendant himself being present, was disapproved. The right of counsel to be present and to poll the jury upon the return of the verdict is a material right, and in the absence of a waiver by the defendant or his counsel, or at least of the implied waiver resulting from voluntarily absenting himself in such manner as not to be easily located, a new trial should be granted. It appears from ground 2 of the motion for a new trial that when the jury returned the sole counsel for the defendant was in a room in the courthouse adjacent to the courtroom, and that the verdict was received and published; the defendant sentenced, and the jury discharged, in his absence. While he had no specific permission to be out of the courtroom, neither does it appear that any effort was made to locate him, or that any other steps to protect the defendant's rights were taken. Under these circumstances we hold that the defendant and his counsel did not waive the right to have counsel present, and that a new trial should be granted. This case is distinguished from *Lassiter v. State*, 67 Ga. 739 (3), supra, and *Baldwin v. State*, 138 Ga. 349, supra, where counsel returned before the jury dispersed and made no objection; from *Warren v. State*, 163 Ga. 176 (1) (135 SE 735) where counsel was present a part of the time; from *Morton v. State*, 190 Ga. 792 (10 SE2d 836) where the judge, after vainly trying to locate counsel, himself polled the jury; and from *Richards v. State*, 136 Ga. 67 (2) (70 SE 868) where counsel absented himself after being told to remain in the vicinity, and where the reception of the verdict was delayed until after an unproductive search for him.

3. The general grounds of the motion for a new trial and the remaining special ground are without merit.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed.   Frankum and Jordan, JJ., concur.*

DECIDED SEPTEMBER 28, 1961.

*J. Laddie Boatright,* for plaintiff in error.

*Jack W. Ballenger, Solicitor-General,* contra.

