## 56813. DOLLAR v. THE STATE.

SHULMAN, Judge.

Appellant brings this appeal following a jury verdict finding him guilty of motor vehicle theft as charged. We affirm the judgment.

1. The indictment charged defendant with the theft of a motor vehicle which was the property of Town & Country Cars, Inc. Contrary to appellant's contentions,

sufficient evidence as to ownership of the vehicle was produced at the trial. There was direct testimony from the president of Town & Country Cars that the vehicle involved in this prosecution was purchased one month prior to the theft of the vehicle. This was competent evidence to establish ownership notwithstanding that title was in the name of others, not Town & Country Cars. *Hightower v. Berlin,* 129 Ga. App. 246 (5) (199 SE2d 335). See also *Norton v. State,* 73 Ga. App. 307 (1) (36 SE2d 120) as to appellant's right to raise "nice and delicate" questions as to the title of a stolen automobile.

2. The trial court's charge that recent possession of stolen property "may be a circumstance from which [the jury] may draw an inference of guilt" does not require reversal on the ground that reference should have been made to "unexplained possession."

The record shows that the defendant introduced no evidence in explanation of his recent possession of the stolen property, and the only issue upon this point was raised by defendant's statement to law enforcement officials. See in this regard *Harrell v. State,* 80 Ga. App. 827 (3) (57 SE2d 499); *Wilson v. State,* 32 Ga. App. 77 (2) (122 SE 640).

As the phrase "unexplained possession" would have properly instructed the jury that defendant must offer some explanation to rebut the inference *(Haugabrook v. State,* 142 Ga. App. 714 (236 SE2d 890)), and as the defendant did not offer an explanation, the charge actually benefited the defendant by not pointing out the defendant's failure to offer an explanation. See, e.g., *Thomas v. State,* 237 Ga. 690 (II) (229 SE2d 458), noting that a reference to "unexplained possession" would not amount to an impermissible comment on the defendant's failure to testify.

3. On direct examination, the arresting officer was asked whether he had seen the defendant following the arrest. Defendant moved for a mistrial after the witness testified that he saw the defendant "at the jail." Appellant asserts that the denial of this motion constituted error. We disagree.

This statement falls short of impermissibly placing the defendant's character in evidence and, accordingly,

the motion for mistrial was properly denied. *Williams v. State,* 242 Ga. 757 (2).

4. The trial court did not err in including in its charge a definition of theft by taking. See *Martin v. State,* 143 Ga. App. 875 (1) (240 SE2d 231), noting that "the felony of motor vehicle theft is subject to Code Ann. § 26-1802 which defines all thefts by taking." Id., p. 876.

5. The trial court instructed the jury that proof that a party named in the indictment as owner of a chattel had a possessory interest, or any legal interest superior to that of a thief, would authorize a conviction as to that feature of the case. This charge has been held proper. *Law v. State,* 121 Ga. App. 106 (1) (173 SE2d 98).

6. Enumerations not addressed herein are not supported by argument or citation of authority. Accordingly, they are deemed abandoned. *Mayo v. State,* 139 Ga. App. 520 (4) (229 SE2d 16).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 30, 1978 — DECIDED FEBRUARY 21, 1979.

*G. Hughel Harrison,* for appellant.
*Bryant Huff, District Attorney, Malcolm S. McArthur, Dawson Jackson, William P. Rowe, III, Assistant District Attorneys,* for appellee.