THE EAGLE AND PHENIX MANUFACTURING Co. *vs.* WELCH.

1. Where the suit was for a personal injury to an employee engaged in blasting, a premature explosion having occurred during the process of tamping, a declaration which alleged an undertaking on the part of the employer to furnish suitable powder, and a breach of that undertaking by furnishing mixed powder, a more hazardous article, (the increased hazard being unknown to the employee) whereby the explosion took place and the injury was sustained, was sufficient in substance, without specifying what particular elements

in the mixture rendered it less safe than suitable powder would have been. A general demurrer to the declaration was properly overruled.

2. A witness who, a month before the trial, took passage by railroad at Columbus for Mobile, saying he was going to the Black Hills, and who has not returned nor been heard from, may be deemed inaccessible, so as to render what he testified upon a former trial of the same case competent evidence under section 3782 of the Code. Especially is this so where he was the plaintiff in the action, and, just before leaving, received money and clothing from the opposite party, one of whose agents was active in procuring his ticket and seeing him off, and where the fees of his counsel were left unpaid, and it was known or expected that the action would proceed for the counsel's benefit to the extent of such fees. Generally, that a witness is beyond the jurisdiction of the state is a sufficient excuse for not producing him.

3. In the light of all the circumstances, it was possible for the jury to find as they did, from the testimony, without being influenced by passion or prejudice, and as the presiding judge refused to interfere on a motion for new trial, the verdict may stand.

Pleadings. Witness. Evidence. New Trial. Before Judge CRAWFORD. Muscogee Superior Court. May Term, 1878.

Welch brought case against the Eagle & Phenix Manufacturing Company for $10,000.00 damages, alleging the following facts:

On August 19th, 1876, he was in the employment of defendant, blasting rock, the latter undertaking to furnish all the tools and materials necessary and proper for blasting. While performing the work for which he was employed, relying upon defendant to continue to furnish material customarily used for blasting, known as blasting powder, defendant, without his knowledge and consent, and contrary to its duty, caused tripple F blasting powder to be mixed with inferior blasting powder, and furnished the same to plaintiff. This composition was of an unusually explosive character, unfit for safe blasting and dangerous to use, of all of which defendant failed to inform plaintiff. While engaged in blasting, plaintiff had partially loaded an exca-

vation or drill hole, with the powder thus delivered to him by defendant, and while holding the tamping rod that it might be driven upon the tamping, using every care and precaution that might prevent an explosion, the rock, by reason of the explosive and inferior character of the powder aforesaid, burst, injuring plaintiff, etc.

By amendment he added two counts to his declaration, which charged that defendant did supply good powder until the 15th of August, when it purchased an inferior article which proved entirely unfit for the use intended; that for this reason, without the knowledge of plaintiff, on the 19th of August, it mixed with such inferior article a finer and more explosive quality of powder; that plaintiff continued his work as had been his custom, and while holding the tamping rod that the same might be driven, the powder, on account of the mixture aforesaid, exploded, injuring him, etc.

To this declaration and the amendment, the defendant demurred. The demurrer was overruled.

The defendant pleaded the general issue, and satisfaction for the injury complained of.

In the course of the trial, it appeared that plaintiff had, on December 12th, 1877, signed the following instrument:

"The Eagle and Phenix Manufacturing Company, not admitting its liability in any amount, having paid the physician's bill and the wages of Welch during his confinement on account of his wounds, pays him $100.00 and gives him a suit of clothes, which is accepted by Welch in full satisfaction of his injury and of all damage sustained."

It appeared further, that this settlement was made after notice from plaintiff's counsel of their claims to one-half of what might be recovered for fees, and with the understanding with such attorneys that the litigation should proceed for the purpose of fixing the amount to which they would be entitled.

It also appeared that an agent of the defendant had accompanied the plaintiff to the depot of the Mobile and Girard Railroad, had purchased for him a ticket to Mobile, and had seen him on the train; that plaintiff, before sup-

plied with the new clothes by defendant, was ragged and in a destitute condition; that he said he was going to the Black Hills, and had not been seen or heard from since; that this occurred a few months before the trial, and at the time of the settlement.

Under these circumstances, counsel proposed to prove by a witness what plaintiff had testified to on a former trial, upon the ground that he was inaccessible. To this objection was made, and the objection overruled.

There was evidence to sustain the charges in the declaration; also, to show that plaintiff had notice of the change made in the powder used, and of the mixing of a more explosive article with that of inferior quality, which had not answered the purpose for which purchased; also, to show that the premature explosion was the result of plaintiff's negligence; also, to show that the plaintiff was addicted to drinking and had admitted that the accident was as much his fault as anybody's. The testimony was abundant and conflicting; it offered a fair field for the argument of counsel and the scrutiny of a jury.

The jury returned a verdict for $250.00, "being one-half the damages awarded plaintiff."

The defendant moved for a new trial, because the court erred in overruling the demurrer, in permitting proof of what the plaintiff swore on a former trial, and because the verdict was contrary to law and to evidence.

The motion was overruled and the defendant excepted.

PEABODY & BRANNON, for plaintiff in error, cited 1 Greenl. Ev., 163; R. M. Charlton, 38; 14 *Ga.*, 249; 18 Ala., 801.

R. J. MOSES; J. M. RUSSELL, for defendant.

BLECKLEY, Justice.

1. The declaration alleged an undertaking to furnish suitable powder; and it alleged, also, a breach of that undertaking by furnishing mixed powder, a more hazardous arti-

cle.   It averred that the increased hazard was unknown to the plaintiff; it averred that the explosion took place by reason of the premises; it failed to specify any particular elements in the mixture which rendered it unsafe, or less safe than suitable powder would have been.   It was demurred to generally, and the demurrer was overruled.   Contract creating a duty, breach of contract, injury therefrom, and damage by reason of the injury, were all most distinctly averred.   The failure to specify any particular elements in the mixture which rendered it unsafe, or less safe than suitable powder would have. been, was matter for special demurrer, if for demurrer of any kind.   A general demurrer to the declaration was properly overruled.

2.  That a witness is beyond the jurisdiction of the state is generally a sufficient cause for not producing him.  6 *Ga.,* 382; 7 *Ib.,* 356, 445; 8 *Ib.,* 201; 10 *Ib.,* 261 (7); 13 *Ib.,* 510; 39 *Ib.,* 75; 1 Gr'l'ff's Ev., §163 and note.   The showing made as to the plaintiff's absence was enough to raise the presumption that he had gone beyond the jurisdiction and had not returned.   As the suit was not proceeding for his benefit, but to enable his counsel to realize their fee, he was upon the footing of any other witness, and what he testified upon the previous trial of the same case was competent evidence under section 3782 of the Code.   That section is in these words:   "The testimony of a witness since deceased, or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between substantially the same parties, may be proved by any one who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies."

3.  As to the sufficiency of the evidence to uphold the verdict, we need only say that it was possible for the jury to find as they did without any influence of passion or prejudice, and the presiding judge not having thought proper to disturb the verdict, we do not feel constrained to hold

that there was any mistaken exercise of his discretion. The verdict may stand.

Judgment affirmed.