## ROOKS v. THE STATE.

It is error to give to the jury a charge not authorized by the evidence; and where, in a criminal case, the evidence introduced by the accused would, if believed by the jury, have warranted his acquittal, and the effect of such a charge was necessarily to give to the State the benefit of a theory to which it was not entitled, a new trial should result.

Argued January 18, — Decided February 12, 1904.

Indictment for murder. Before Judge Lewis. Jasper superior court. December 14, 1903.

*Greene F. Johnson*, for plaintiff in error. *John C. Hart*, attorney-general, and *J. E. Pottle*, solicitor-general, contra.

CANDLER, J. With one exception, we find no error in any of the rulings of the trial court, of which complaint is made. The judgment overruling the motion for a new trial is reversed solely because of a charge of the court which is in the abstract perfectly sound, but which, in our opinion, was not adjusted to the evidence, and the tendency of which, under all the circumstances, was necessarily prejudicial to the accused. The evidence in the record as to the immediate circumstances of the tragedy under investigation is very confused, and leaves much to conjecture. It appears that on the night of the homicide a party of negroes, including the accused, the deceased, and Mary Standifer, a woman who was described by some of the witnesses as the sister of the deceased, but by herself and others as his cousin, had been to church. Presumably their way home led along a railroad track in the vicinity. The accused and the deceased left the church in different groups of negroes, and proceeded up the railroad track, but whether the deceased preceded the accused or vice versa, and what distance separated them in their walk, are matters which it is almost if not quite impossible to determine from the record. The accused became involved in a quarrel with Mary Standifer, and fired two shots at her without effect. Naturally, Mary ran. Shortly thereafter (how long the record does not disclose) the accused shot and killed the deceased. The State introduced only one eye-witness to the homicide, who testified that at the time he was shot the deceased was running, but whether he was running towards or from the accused the witness did not state. There was not a line of evidence to show any connection, except in point of time, between the killing of the deceased and the firing of the shots at Mary Standifer, or to indicate that the deceased was killed while attempting to protect his sister, or cousin (whichever she was), from bodily harm. We therefore conclude that it was error for the court to give to the jury the following charge: "I charge you, under the law as applicable to the evidence in the case, that a brother has the right to protect his sister, and may justify any defense made by him for the purpose of protecting her life. In order to justify himself for a homicide in defense of his sister, it must not be for the purpose of avenging any wrong that had been perpetrated upon his sister. Apply this principle of law to the case. If you conclude from the evidence

that the deceased made an assault upon the defendant for the purpose of protecting the life of this sister, and it was necessary for him to do so to save the life of his sister, he would be justified under the law; and what was justifiable on the part of the deceased in defending his sister can not be legal provocation to the defendant, and would not justify him in taking the life of the deceased." Clearly, this charge gave to the State the benefit of a theory which was not authorized by the evidence; and the evidence of the guilt of the accused was not so convincing as that it can be said that the charge set out was harmless. While the State made out its case, the accused on his part introduced evidence which, if believed by the jury, would have authorized his acquittal. This being true, the error pointed out in the charge which has been quoted will require a reversal of the judgment overruling the motion for a new trial.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*