## GRAVETT v. THE STATE.

FISH, C. J. 1. There is no merit in the complaint made in the fourth ground of the motion for new trial, that the court failed to instruct the jury as therein set out. This is true for the reason that the instruction which it is claimed the court should have given was not pertinent to the evidence in the case.

2. The court clearly, fully, and correctly instructed the jury as to the law of conspiracy applicable to the case; and the mere failure to give an instruction as set forth in the fifth ground of the motion was not error.

3. It was not error to refuse a request to instruct the jury as follows: "In all cases of circumstantial evidence, where out of the evidence produced there arises fairly and legitimately two theories, one of guilt, and one of innocence, it is the duty of the jury to accept the theory of innocence and acquit the defendant, rather than to accept the theory of guilt; and this is true even though you may consider that the theory of guilt is supported by much stronger evidence than the evidence tending to establish the theory of innocence." The court clearly, fully, and correctly charged the jury in respect to the law of circumstantial evidence as applicable to all the theories presented in the case, and, in reference to the point here raised, gave the following instruction: "To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused. When the guilt of the defendant depends on circumstantial evidence alone, the rule is that each separate fact or link which goes to make the chain of circumstances from which the deduction of guilt is sought to be drawn must be clearly proved, and a fact not clearly proved should not be considered as a part of the chain of circumstances, but should be rejected by the jury, and the circumstances proved must not only be consistent with the defendant's guilt, but they must exclude every other reasonable hypothesis than that of the defendant's guilt. If any one or more of the circumstances relied on by the State are not clearly proved, and for this reason you reject one or more of the circumstances relied on, then you will inquire whether the other remaining circum-

stances proved, if they are clearly proved, are consistent with defend-ant's guilt and inconsistent with any other reasonable hypothesis than that of the defendant's guilt. All essential facts and circumstances necessary to show the commission of the crime and to connect the defendant therewith as the party committing the act must be proved." This charge was approved in *Davis* v. *State*, 74 *Ga.* 869. The request, among other defects, failed to refer to any reasonable hypothesis of · innocence.

4. It was the province of the jury to determine the credibility of the witnesses; they believed the witnesses for the State, and their testimony authorized a verdict that the accused was guilty as charged. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent on account of sickness.*

No. 1788. MARCH 9, 1920.

Indictment for murder. Before Judge Cobb. Jackson superior court. November 6, 1919.

*P. Cooley,* for plaintiff in error.

*Clifford Walker, attorney-general, W. O. Dean, solicitor-general, M. C. Bennet,* and *W. W. Stark,* contra.