## TAYLOR *v.* THE STATE.

1. Where the defendant relied upon the fact that he was not the perpetra-
tor of the crime and was not present when it was committed, if any
crime was committed, it was not error for the court to charge the

50

jury upon the theory of alibi, though it was not expressly set up as a defense, and was only incidentally involved in the case under the statement of the defendant.

(a) While the court was not required to charge upon any theory of defense arising solely from the defendant's statement, he was authorized to give a correct and an appropriate instruction upon the defense of alibi, when the same was pertinent under the statement of the accused.

(b) Even if the charge on alibi was not appropriate under the defendant's statement, such charge was harmless, when the real defense set up by the defendant was fully and clearly presented to the jury by the court in its instructions.

2. The court did not err in refusing the defendant's request for the instruction set out in the second division of the opinion.

3. The court did not err in refusing to give the requested charge set out in the third division of the opinion, because the same was not applicable under the facts of the case, and because it contained an expression of opinion on the weight to be given to the testimony touching the escape of the defendant.

4. The court did not err in refusing to rule out the evidence set out in the fourth division of the opinion.

5. The court did not err in refusing to declare a mistrial, and to disqualify all jurors present, because a juror, upon his voir dire examination, stated in the hearing of the other jurors that he had heard the evidence under oath on the former trial of this case, and believed that the defendant was guilty.

6. The court did not err in admitting, in behalf of the State, the testimony of a witness on the former trial of this case, under the facts set out in the sixth division of the opinion of this court in this case; these facts showing prima facie that the witness was out of the State and inaccessible at the time of the last trial.

7. The verdict is supported by the evidence.

No. 3671.   JUNE 7, 1923.

Murder.   Before Judge Summerall.   Coffee superior court. March 13, 1923.

*Casey Thigpen, Levi O'Steen, R. B. Chastain, J. S. Gibson, C. A. Allen,* and *E. W. Butler,* for plaintiff in error.

*George M. Napier, attorney-general, A. B. Spence, solicitor-general, Seward M. Smith, assistant attorney-general,* and *McDonald & Willingham,* contra.

HINES, J.   W. L. Taylor was indicted for the murder of Edwin Funk on Feb. 21, 1922.   This is the second conviction of the defendant, and the second appearance of the case in this court. *Taylor v. State,* 154 *Ga.* 68 (113 S. E. 147).   The defendant moved for a new trial upon the formal grounds, and upon additional grounds set out in an amendment to his motion for new trial.   We will deal first with the grounds of the amendment, and then consider the general grounds.

1. The court, upon the subject of alibi, gave to the jury the instruction which was considered and approved by this court in the case of *Hunter* v. *State,* 136 *Ga.* 103 (70 S. E. 643). So this instruction was a correct abstract principle of law; but counsel for the defendant insist that this charge was erroneous and harmful to the defendant, because it injected into the case a contention and issue not made either by the evidence or the defendant's statement, because it put upon the defendant the burden of substantiating a contention which he did not make, and because it confused and misled the jury. It is undoubtedly true that an instruction, though abstractly correct, should not be given, if not warranted by the evidence or the statement of the defendant; and where it is harmful to the defendant, such instruction requires the grant of a new trial. *Rooks* v. *State,* 119 *Ga.* 431 (46 S. E. 631); *Bennett* v. *State,* 19 *Ga. App.* 442 (91 S. E. 889); *Sikes* v. *Sikes,* 153 *Ga.* 725 (113 S. E. 416). Was this instruction without foundation to support it? The defendant introduced no evidence, but made a statement to the jury. In his statement he said that he and the deceased, on Tuesday morning the day on which the latter is alleged to have been murdered, went to the home of one Sharpe; that he left the deceased there, and came back to his home, and that was the last he saw of the deceased until he found his dead body upon the following Friday, morning. Here by necessary implication, if not by express and direct assertion, the defendant set up the plea that he was not at the scene of the homicide; and while the court was not required to charge upon any theory of defense arising solely from the defendant's statement (*Lampkin* v. *State,* 145 *Ga.* 40, 88 S. E. 563), he was authorized to give an appropriate and correct instruction upon the defense of alibi under the statement of the accused, and such instruction was not erroneous because inappropriate under the facts of the case. *Westbrook* v. *State,* 91 *Ga.* 11 (16 S. E. 100). Even though in this case the charge upon the law of alibi was not appropriate, the giving of such instruction is not cause for the grant of a new trial, when it appears that the accused was not thereby injured. *Knight* v. *State,* 114 *Ga.* 48 (4) (39 S. E. 928, 88 Am. St. R. 17). The main and controlling issue in this case was whether or not the defendant was the perpetrator of this homicide; and the State undertook, by circumstantial evidence, to show his connection with the homicide and

that he killed the deceased. On this subject the court charged the jury the rule of law warranting a conviction on circumstantial evidence; and further instructed them that " all essential facts and circumstances necessary to show the commission of the crime and to connect the defendant therewith must be proved to a moral and reasonable certainty and beyond a reasonable doubt." . In view of these instructions, even if the charge on alibi was inappropriate, we do not think such charge could have confused and misled the jury, and could have been harmful to the defendant by putting on him the burden of establishing the defense of alibi. " Where the defendant relied upon the fact . . that he was not the perpetrator of the crime, and was not present when it was committed, . . it was not erroneous for the court to charge the jury upon the theory of alibi, though it was not expressly set up as a defense and was only incidentally a part of the case. Especially was the charge of alibi harmless when the real defense of " non-participation by the defendant in the homicide " was fully and clearly presented to the jury by the court in the instructions." *Clark* v. *State, 7 Ga. App.* 609 (67 S. E. 697) . See *Green* v. *State,* 153 *Ga.* 215 (111 S. E. 916).

2. The defendant insists that the court erred in refusing to give in charge to the jury the following timely written request: " To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused. When the guilt of the defendant depends on circumstantial evidence alone, the rule is that each separate fact or link which goes to make the chain of circumstances from which the deduction of guilt is sought to be drawn must be clearly proved, and a fact not clearly proved should not be considered as a part of the chain of circumstances, but should be rejected by the jury, and the circumstances proved must not only be consistent with the defendant's guilt, but they must exclude every other reasonable hypothesis than that of the defendant's guilt. If any one or more of the circumstances relied on by the State are not clearly proved, and for this reason you reject one or more of the circumstances relied on, then you will inquire whether the other remaining circumstances proved, if they are clearly proved, are consistent with defendant's guilt and inconsistent with any other

reasonable hypothesis than that of the defendant's guilt. All essential facts and circumstances necessary to show the commission of the crime and to connect the defendant therewith as the party committing the act must be proved." The errors assigned are: (1) that said written request embodied a correct principle of law, applicable under the evidence in said case, and that the refusal of the court to give the same deprived the defendant of a substantial legal right; and (2) that if said charge had been given by the court, the defendant would perhaps have been acquitted, and its refusal was very hurtful and harmful to the defendant's case and greatly lessened his chances of acquittal.

On this subject the court charged the jury as follows: " Gentlemen, this case depends entirely upon circumstantial evidence. Indirect or circumstantial evidence is that which only tends to establish the issue by proof of various facts sustaining by their consistency the hypothesis claimed. To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused. All essential facts and circumstances necessary to show the commission of the crime and to connect the defendant therewith must be proved to a moral and reasonable certainty and beyond a reasonable doubt."

A comparison of the requested instructions with the instructions given by the court will show that the court omitted to expressly instruct the jury that each separate fact or link of the chain of circumstances from which the deduction of guilt is sought to be drawn must be clearly proved, and a fact not clearly proved should not be considered as a part of the chain of circumstances, but should be rejected by the jury, and that, if any one or more of the circumstances relied upon by the State are not clearly proved, and for this reason the jury should reject one or more of the circumstances relied on, then the jury should inquire whether the other remaining circumstances proved, if they were clearly proved, are consistent with the defendant's guilt, and inconsistent with any other reasonable hypothesis than that of the defendant's guilt. The instructions requested have been approved by this court as correct principles of law, and appropriate instructions in a case in which the State relies upon circumstances alone for conviction.

*Davis* v. *State,* 74 *Ga.* 869 (2) ; *Gravett* v. *State,* 150 *Ga.* 74 (102 S. E. 426). The omitted portions of these requested instructions are not given literally in the charge of the court upon the subject of circumstantial evidence. Should a new trial be granted for this failure of the court to give literally these omitted instructions to the jury? This depends upon whether they are substantially covered by the general charge. The court told the jury that " all the essential facts and circumstances necessary to show 'the commission of the crime and to connect the defendant therewith must be proved to a moral and reasonable certainty and beyond a reasonable doubt." Was not this instruction equivalent to telling the jury that each fact or link in the chain of circumstances must be clearly proved? We think so. Proof of " all the essential facts and circumstances necessary to show the commission of the crime and to connect the defendant therewith . . to a moral and reasonable certainty and beyond a reasonable doubt," amounts to clear proof and more of all such essential facts and circumstances and of each fact or link in " the chain of circumstances from which. the deduction of guilt is sought to be drawn." Then was not such instruction tantamount to telling the jury that any fact or link in the chain of circumstances not so proved should be rejected, and that, if they rejected one or more of the facts or links in the chain, they should determine whether the remaining facts or links showed the commission of the crime charged, and connected the defendant therewith to a moral and reasonable certainty and beyond a reasonable doubt? Intelligent jurors must so have understood this instruction; and this being so, the omitted portions of the requested instruction were substantially covered by the charge, and furnish no ground for the grant of a new trial. *Burton* v. *State,* 143 *Ga.* 277 (84 S. E. 582) ; *Hall* v. *State,* 141 *Ga.* 7 (4) (80 S. E. 307). " Where the court has fully and fairly submitted in his charge to the jury the law applicable to the whole case, he is not bound to give any further charge, however proper or legal." *Georgia Railroad* v. *Thomas,* 73 *Ga.* 350 (2) ; *McKenzie* v. *State,* 28 *Ga. App.* 33 (4), 35 (110 S. E. 248). For the above reasons, we do not think that the court erred in not giving the omitted portions of the instruction requested.

3. The court, when timely requested to do so, refused to charge the jury as follows: " The court further charges you, gentlemen

of the jury, that flight is a circumstance you may consider in determining the guilt of the defendant. The court further charges you that if you find that the defendant was arrested without any warrant and that the arresting officers did not see the crime committed or that a crime was committed in their presence, and that the defendant was making no effort to escape before his arrest, then his arrest and detention was illegal and he had a legal right to make his escape, and the fact that he did escape should not be considered as a circumstance against him. The court further charges you that if he did escape temporarily and later voluntarily surrendered, then his escape should not be considered by you as a circumstance of guilt." The court properly declined this request, because a portion of it was not applicable to the facts of the case (*Williams* v. *State,* 130 *Ga.* 400, 60 S. E. 1053), and because it contained an expression of opinion upon the probative value of given facts, which was a matter for the jury alone. *Grant* v. *State,* 122 *Ga.* 740 (2), 742 (50 S. E. 946).

4. The court did not err in refusing to rule out, upon motion of counsel for the defendant, the evidence of a witness for the State, said evidence being as follows: " My name is Rena Johnson. I was at the former trial of the defendant in this case. I saw Mr. Taylor a few days after Mr. Funk was killed at West Green. He showed me a little old ring. He said he won it over here at the pool-room — over here in Douglas at the pool-room. No, he said he come over here to Douglas, and said he went to the pool-room, and he said that there was a ring for the lucky man, and he said the man told him he would give them the $4.50 back whoever won it, and he said he won it, and he wouldn't let them have it back." The motion to exclude this evidence was based upon the grounds: (*a*) that it was irrelevant; (*b*) because it was a transaction between the accused and a person other than the accused; (*c*) because the ring was not shown to be the proeprty of the deceased; and (*d*) because it was an effort to put the character of the accused in issue, and thus prejudice his case. The court did not err in refusing to exclude this evidence for any of the reasons assigned, under the facts of this case.

5. The defendant complains of the refusal of the court to declare a mistrial in his case, and to disqualify all of the jurors present, the motion for a mistrial and the motion to disqualify

the jurors being based upon the same ground. During the selection of the jury, and upon the voir dire examination of John Harper, a member of the panel of jurors put upon the defendant, to determine whether he was a competent juror to try the defendant, in answer to the question: " Have you, from having seen the crime committed or having heard any of the testimony delivered on oath, formed and expressed any opinion in regard to the guilt or innocence of the prisoner at the bar?" stated that he was present at the former trial and had heard the sworn evidence. The solicitor-general then asked him if he had formed or expressed an opinion, and he stated that from having heard the sworn evidence he thought that the defendant was guilty. The court refused to declare a mistrial and to disqualify all jurors present on account of this statement of this juror, and error is assigned on this ruling, on the grounds: (*a*) because this statement was improper and prejudicial to the rights of the defendant; (*b*) because it did materially injure his case; (*c*) because it necessarily prejudiced the minds of other jurors against him; (*d*) because it deprived him of the right to enter the trial of the case with the presumption of innocence in his favor; (*e*) because it amounted to advising the other members of the jury that they should find him guilty; and (*f*) because the defendant would perhaps have been acquitted but for this statement. We do not agree with counsel for the defendant that this remark of the juror, expressed in the hearing of his fellows, was cause for the grant of a mistrial. The fact that he had heard the evidence on the former trial of this case, had formed the opinion that the defendant was guilty, and declared that belief in the presence of the other jurors upon the panel selected to try the defendant, would not render the jurors who heard such expression incompetent to try the case. If it did so, no jury could be selected in a county where a case had been once tried, the defendant found guilty, and knowledge thereof had become generally known. The matters which disqualify jurors from sitting on a case are: (1) where, from having seen the crime committed or having heard any of the testimony delivered on oath, they have formed and expressed an opinion in regard to the guilt or innocence of the accused; (2) where they have bias or prejudice on their minds either for or against the defendant; and (3) where their minds are not perfectly impartial

between the State and the accused. Penal Code, § 1001. If a juror does not fall within one or more of these categories, he is not incompetent to try a defendant charged with crime. The mere fact that jurors have heard another juror, while on his voir dire examination, declare he had heard the testimony delivered on the former trial of the case, and had formed the conclusion that the defendant was guilty, does not disqualify the other jurors who, in answering the voir dire questions, show they are fair and impartial. It is not the formation and expression of an opinion by one juror, from having heard the testimony delivered on oath, which disqualifies another juror, but the formation and expression of an opinion by the latter from having heard such testimony. So we think the court below did right in declining to declare a mistrial in this case, and to grant the motion to have all the other jurors present declared disqualified to try the case.

6. The court admitted, in behalf of the State the testimony of a witness on the former trial of this case, on the ground that the witness was inaccessible, over the objection of counsel for defendant that the proper foundation for the introduction of this testimony had not been laid; and error is assigned on this ruling. If this witness, at the time of the trial, resided beyond the limits of this State, he was inaccessible, and his testimony on the former trial was properly admitted. Penal Code, § 1027; *Smith* v. *State,* 147 *Ga.* 689 (95 S. E. 281, 15 A. L. R. 490); *Hunter* v. *State,* 147 *Ga.* 823 (95 S. E. 668); *Estill* v. *Citizens & Southern Bank,* 153 *Ga.* 618 (6) (113 S. E. 552). Before such testimony can be admitted, it must be shown that the witness is inaccessible; but if a prima facie showing is made, that is sufficient. *Eagle & Phenix Manufacturing Co.* v. *Welch,* 61 *Ga.* 444; *Gunn* v. *Wades,* 65 *Ga.* 537; *Estill* v. *Bank,* supra. Where a witness, a month before the trial, had taken passage by rail at Columbus for Mobile, saying he was going to the Black Hills, and had not been heard from, he was deemed by this court to be inaccessible, so as to render what he testified on the former trial of the same case competent on its subsequent trial. *Eagle & Phenix Mfg. Co.* v. *Welch,* supra. Where a witness on the former trial had since committed a homicide, had been advised to go off, had not been heard of in several years, and his wife and sisters either did not know where he was or would not communicate his whereabouts if they

did know, he was deemed inaccessible. *Gunn* v. *Wades,* supra. In the instant case the absent witness on the former trial swore that he was a resident of Charlotte, N. C. The law will presume he continues to reside at that place, until the contrary is shown. *Anderson* v. *Blythe,* 54 *Ga.* 507, 508. He had not been seen in Coffee County since the former trial. Before the previous October term of the court, the sheriff received a letter from Charlotte, N. C., purporting to be signed by this witness, but the sheriff was not acquainted with his handwriting. The sheriff registered a subpœna to the witness at Charlotte, but it was returned. He afterwards mailed a subpœna for this witness to the chief of police at Charlotte, and gave that officer the address of the witness. The witness told the sheriff he lived at Charlotte, and, if he changed his residence, he would notify the sheriff, but he never so notified the officer. The coroner received a letter purporting to have been written by this witness from North Carolina. This was since the first trial. The witness was at West Green when the inquest over the body of deceased was held. He told the coroner he was going off, that his home was in North Carolina, and that they could write him if they wanted to communicate with him. The son of this witness was in Douglas just before last Christmas, and told the coroner his father was in North Carolina very sick. Under this showing, we think the State made out a prima facie case; and the court below did not err in admitting the testimony of this witness on the former trial on account of his inaccessibility.

7. The verdict is supported by the evidence. The deceased was found in a secluded spot. He was stabbed in the breast and his jugular vein was cut. The latter wound was mortal. The body was found and identified. This was sufficient proof of the corpus delicti. *Thomas* v. *State,* 67 *Ga.* 460 (6). While the case for the State rested largely upon circumstantial evidence and the proof of guilt is not the strongest, the circumstances are all consistent with the guilt of the accused and are inconsistent with any other reasonable hypothesis except that of the guilt of the accused. Two juries have found the defendant guilty. Both verdicts have been approved by the trial judge. We do not feel justified in setting aside the last verdict on the ground that the verdict is without evidence to support it.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., dissenting.*

ATKINSON, J., dissents as to the rulings set out in the second headnote and corresponding division of the opinion.

RUSSELL, C. J., dissents as to the above ruling, and also to that set out in the first 'headnote and corresponding division of the opinion.