## 15962. ALLEN v. DAVIS, agent.

1. When the entire charge of the court is considered, no material error appears in the instructions complained of.
2. The alleged newly discovered evidence does not necessitate a new trial. It is not probable that such evidence would produce a different verdict on another trial.
3. When it is sought to introduce in evidence the testimony given by a witness on a former trial, the question whether the witness is "inaccessible," in the sense in which that word is used in the Civil Code (1910), § 5773, is, under the circumstances of the case, to be determined by the trial judge, in the exercise of a sound discretion. In view of the preliminary showing made to the trial judge in this case, it can not be held that his discretion was abused in allowing the introduction of such testimony.
4. The ground of the motion for a new trial relating to the introduction of a book showing sales of railroad-tickets between certain stations at a given time, even if the ground is in proper form for consideration, does not show error requiring the grant of a new trial.
5. There was evidence to support the verdict.

DECIDED MAY 14, 1925.

Action for damages; from city court of Bainbridge—Judge Spooner. September 6, 1924.

The ground referred to in division 4 of the decision is as follows: "Because the court erred in admitting, over objections of movant, the ticket book of defendant, material parts of which are as follows: 'Twenty tickets were sold from Bainbridge to Climax on December 28th, 1918, and four tickets from Bainbridge to Climax, numbers 27, 28, 29 and 30, were sold on December 29th, 1918.' Before and at the time said evidence was admitted, movant then and there objected to the same, on the ground that the ticket book (record) had not been properly identified, and that said evidence was hearsay, and that its correctness had not been shown, and that the identifying evidence failed to identify it. Movant contends that the only way this evidence could be admissible would be for the witness Alsobrook to testify that he made the entry, and that they were correct. Movant further contends that the admission of said evidence was a prejudicial error because, when taken in connection with Alsobrook's testimony, it tended to show that Hugh Allen did not purchase a ticket, and for that reason he was not a passenger in the sense that he bought a ticket."

*John R. Wilson, W. M. Harrell, E. W. Maynard, Clyde A. Allen,* for plaintiff.

*Pope & Bennet, Hartsfield & Conger,* for defendant.

BLOODWORTH, J. 1. In the light of all the facts of this case and when the entire instructions given the jury are considered, none of the instructions complained of in the motion for a new trial require a reversal of the judgment. Some of these excerpts contain inaccuracies of expression, but these are not of such materiality as to make it likely that they caused the jury to render a verdict different from what they would have rendered had the instructions been absolutely free from criticism.

2. Mrs. Joanna Allen sued the director-general of railroads, alleging that her son, Hugh Allen, was killed in a collision of trains between Bainbridge and Climax. The motion for a new trial contains two grounds based on alleged newly discovered evidence. The first of these is absolutely lacking in merit. The alleged newly discovered evidence set out in the second of these grounds is that of G. H. Baggett, who, more than five years after the death of Hugh Allen, makes affidavit that he was near the deceased in the depot at Bainbridge and saw him buy a ticket to Climax. However, J. B. Curry, a friend of the deceased, who went to Bainbridge with Allen and who was at the depot at Bainbridge with him until the train going to Climax came, and who boarded that train and was on the train when the collision occurred in which Allen was killed, and who was a witness for the plaintiff at the trial, testified, on the hearing of the motion for a new trial, that he knew Baggett, and that he did not see him that night, and that if Baggett had been with deceased, he would have known it. In addition, about a dozen witnesses, all of whom had known Baggett for years, each made affidavit that Baggett's reputation was bad, and that the witness would not believe him on oath; more than one of them swearing that Baggett was an habitual liar, was so recognized by those who knew him, and was known in the county as "lying George Baggett." With these facts, this array of witnesses against him, it would be folly to grant a new trial on this ground. Before a new trial should be granted upon alleged newly discovered evidence, the new evidence should be such as probably would produce a different verdict upon another trial. The evidence of Baggett is not of that character.

3. Under the preliminary showing made as to the inaccessibility of witness Alsobrook, this court will not hold that the trial court abused its discretion when it allowed the evidence of this witness,

taken on a former trial of the case, to be read to the jury. Whether or not a witness is "inaccessible," in the sense in which that word is used in section 5773 of the Civil Code (1910), is, "under all the circumstances of the particular case, a question for determination by the trial court in the exercise of a sound discretion." *Atlanta & Charlotte Air-Line Ry. Co.* v. *Gravitt,* 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145) ; *Ga., Fla. & Ala. Ry. Co.* v. *Bittick,* 142 *Ga.* 191, 192 (82 S. E. 548) ; *Taylor* v. *State,* 155 *Ga.* 785, 793 (6) (118 S. E. 675) ; *Swift* v. *Oglesby,* 8 *Ga. App.* 540, 542 (2) (70 S. E. 97).

4. There was no error in allowing in evidence that portion of the "ticket-book" of the railroad which showed the number of sales of tickets from Bainbridge to Climax on December 28th and 29th, 1918. Even should we concede that the last ground of the motion for a new trial is in proper shape for consideration, still, when all the pleadings, all the facts, and the entire charge of the court are considered, a new trial should not result from the alleged error of which complaint is made in this ground of the motion.

6. There was evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*