22454. GOODWIN *v.* THE STATE.

DECIDED SEPTEMBER 1, 1932.

*J. T. Goree, R. L. Cox, H. G. Rawls,* for plaintiff in error.

*B. T. Castellow, solicitor-general, Bond Almand,* contra.

LUKE, J. Having been convicted of the offense of embezzlement, J. H. Goodwin made a motion for a new trial, which was overruled, and he excepted.

Special ground 4·of the motion complains of the admission, over proper objection, of the testimony of a witness reciting an alleged confession made to him by the defendant. The testimony of the witness set out in this ground clearly discloses that the witness induced the defendant to make the confession by promising not to prosecute him, and thereby holding out to him the hope of being benefited.

Section 1032 of the Penal Code of 1910 declares: "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the *slightest hope of benefit or remotest fear of injury.*" (Italics ours.) And this court, in *Hawkins* v. *State,* 6 *Ga. App.* 109 (64 S. E. 289), held: "Whether a confession was freely and voluntarily made, *when issuable,* should be submitted to the jury for determination; *but where the State's evidence shows that an alleged confession was not freely and voluntarily made, the court should not allow it to go to the jury.* The alleged confession in this case, having been shown by the evidence for the State to have been induced by a well-founded fear of punishment, should have been excluded." (Italics ours.) In the instant case the State's evidence showed that the alleged confession was not freely and voluntarily made, but, on the contrary, that it was

induced by a well-founded hope of escaping prosecution. It follows that the court erred in admitting the evidence as to the confession, and the judgment is therefore reversed.

Since the precise questions presented in the remaining special grounds are not likely to recur upon another trial of the case, and since the rules of law applicable thereto are clear and settled, we shall not pass upon them at this time. Of course the general grounds are not now for consideration.

*Judgment reversed.* *Broyles, C. J., and Hooper, J., concur.*