23727. GOODWIN v. THE STATE.

DECIDED MAY 29, 1934.

*J. A. Drake, R. L. Cox,* for plaintiff in error.

*R. A. Patterson, solicitor-general, Hooper & Hooper,* contra.

MacIntyre, J. The indictment in this case charges that on July 1, 1929, and "from time to time since the 1st day of November, 1926," J. H. Goodwin, as "clerk of the Commissioners of Roads and Revenues of the County of Seminole," embezzled large sums of money from said county. Having been found guilty, the defendant made a motion for a new trial, which was overruled, and he excepted.

On a former occasion J. H. Goodwin was found guilty under the above indictment, but this court reversed the judgment, upon the ground that the trial judge erred in admitting in evidence the alleged confession of the defendant, for the reason that it was not freely and voluntarily made. See *Goodwin* v. *State,* 45 *Ga. App.* 593 (165 S. E. 453).

L. R. Robinson testified that he was "chairman of the board of commissioners" of Seminole county, and that the defendant was "clerk of the board of commissioners;" that the county would pay off its bills by warrants, the vouchers being attached to the warrants; that witness as chairman and Goodwin as clerk signed said warrants, and that the warrants were not good unless so signed; and that the custom was for witness to sign some of these warrants "in blank" each month and turn them over to Goodwin "to take care of petty cash."

Exception is taken to the admission in evidence of the transcript of the testimony of E. E. Roseborough, given on the former trial of the case. In order to show that the witness was inaccessible, the following documentary evidence was introduced:

"Hon. J. B. Spivey, Sheriff, Valdosta, Ga.     April 12, 1933.

"Dear Sir: Am enclosing subpœna for E. E. Roseborough of your county. Please serve this at once. Write me quick as possible, as this is to come up first of next week.

"Yours very truly, C. E. Barfield, Sheriff of Seminole County."

"This party is in Memphis, Tennessee, but is being transferred to Oklahoma City. J. B. Spivey, Sheriff."

C. E. Barfield testified in part: "I am sheriff of Seminole county. I know E. E. Roseborough, the auditor. . . I sent a subpœna for him to the sheriff at Valdosta. I got a letter from him. . . I received it from the sheriff of Valdosta . . through

due course of mail. . . I do not know Mr. Sheriff Spivey personally. I do not know his signature. I do not know whether or not he signed that or not. I couldn't swear that he is the sheriff of Lowndes county, Georgia; it is on the record in my office. I couldn't swear that the letter or note at the bottom, and signed by the sheriff of Lowndes county, Georgia, was written by the sheriff of Lowndes county. I mailed this letter out and it came back with this note on it through the due course of mail. I couldn't swear that the sheriff of Lowndes county ever read my letter. Mr. Roseborough is a resident of this State. I have not served any subpœna on him, nor has the sheriff. I have an official register of the county officers of this State in my office. . . I called for sheriff Spivey a while ago. He said he was sheriff Spivey. I couldn't say whether he was or not. I don't know sheriff Spivey's voice. I never heard him talk in my life. I called Valdosta, Ga., on the telephone, through central. Somebody told me that it was Valdosta, Ga. It might have been Iron City. . . I don't know whether it was sheriff Spivey or not; he said it was him."

Said documentary evidence was objected to "because it does not affirmatively appear from the letter that the witness . . is a nonresident of Georgia and beyond the jurisdiction of the court, or inaccessible;" because it deprived the defendant of the right to be confronted by the witness, and because it was prejudicial and "shed no light upon the issues in the case." The objection was overruled and the letter admitted.

It appears from the testimony of Roseborough that the defendant pointed out to him numerous fictitious county warrants drawn on the account of the treasurer of Seminole county. Roseborough testified in regard to one of these warrants that he "checked up" and found out that "the money came out of Seminole funds." The witness further swore in part: "I am familiar with J. H. Goodwin's handwriting. Warrant No. 3925 is signed by J. H. Goodwin. . . The next warrant is No. 155. . . That was paid out of the funds of Seminole county. . . There is another warrant—No. 802. . . I have examined that warrant, and J. H. Goodwin's name is signed to it." The foregoing gives a fair idea of that part of the witness' testimony that is material to the question under consideration. His testimony relates to numerous warrants and covers several pages. It will be observed that the witness

identified the defendant's signature to some of the warrants and swore that they were paid out of county funds. This evidence was damaging in itself, and it tends to corroborate the testimony of R. T. Bolton, an accomplice who had been convicted of the same offense for which the defendant was on trial, and who testified, in effect, that he and the defendant had jointly embezzled the county funds. There can therefore be no question that the testimony of Roseborough was material and important. Was it admissible upon the ground that the witness was inaccessible?

Counsel for the State rely upon the following rule laid down in the case of *Atlanta & Charlotte Air-Line Ry. Co.* v. *Gravitt,* 93 *Ga.* 369, 371 (20 S. E. 550, 26 L. R. A. 533, 44 Am. St. R. 145) : "Whether or not a witness beyond the jurisdiction of this State is 'inaccessible,' in the sense in which that word is used in section 3782 of the Code, is in each particular case a question for determination by the trial judge in the exercise of a sound discretion." Counsel cite also: *Smith* v. *State,* 147 *Ga.* 689 (95 S. E. 281, 15 A. L. R. 490), where it was said: "The testimony of a witness who was examined on a former trial of a criminal charge, where opportunity of cross-examination was afforded, is admissible in evidence on a subsequent trial of the same defendant upon the same charge, upon proof that the witness has removed from the State and has refused to return and testify in the case." Counsel cite also: *Taylor* v. *State,* 155 *Ga.* 793 (6) (118 S. E. 675) ; *Hunter* v. *State,* 147 *Ga.* 823 (95 S. E. 668) ; *Allen* v. *Davis,* 34 *Ga. App.* 5 (3) (128 S. E. 74). All these cases follow the rule laid down in *Gravitt's* case, and that rule is the law of Georgia. In *Estill* v. *Citizens and Southern Bank,* 153 *Ga.* 618 (113 S. E. 552), there is an interesting discussion of the question under consideration, with citation of numerous cases. We quote headnote 6 of that case : "If at the time of the trial a witness resided beyond the limits of the State, he was inaccessible; and his testimony on the former trial of the case should have been admitted by the court. . . (a) Before such testimony is admissible, the party offering it must show that the witness is inaccessible. (b) The question of the inaccessibility of the witness was one for the determination of the trial court in the exercise of a sound discretion; and we can not say that the trial judge abused his discretion in refusing to admit the testimony of the witness on the former trial under the

proof." That case is also authority for the rule that "if a prima facie showing is made, that is sufficient."

Section 1027 of the Penal Code (1910), and section 5773 of the Civil Code of 1910, both read: "The testimony of a witness since deceased, or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between substantially the same parties, may be proved by any one who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies." In *Robinson* v. *State*, 128 *Ga.* 254 (57 S. E. 315), the court held: "Proof of inability to find a witness after diligent search may, in some circumstances, be sufficient to establish that such witness is inaccessible . . ' and be a sufficient reason for allowing the testimony of such witness, rendered on a former trial, to be read, at the instance of the accused, in a criminal case. The sufficiency of the search is a matter left to the discretion of the trial judge, whose judgment will not be reversed, unless a manifest abuse of discretion appears. In the present case no such abuse of discretion has been made to appear." Though, in our opinion, the evidence to show diligent search in that case is much stronger than that in the instant case, the court said: "We do not think that the evidence was sufficient to establish that the witness was inaccessible within the meaning of the law." Headnote 3 in the case of *Augusta & Summerville R. Co.* v. *Randall*, 85 *Ga.* 297 (11 S. E. 706), reads: "That the officer charged to serve a *subpœna* had made diligent search for the witness at the place where he had learned he had resided, but had been informed by persons unknown to him that they had heard that the witness was dead, was not sufficient proof of the death or inaccessibility of the witness to allow the introduction of his testimony taken at a former trial."

The general rule is that the law requires the highest evidence to prove a fact in a judicial proceeding. Civil Code (1910), § 5728. "Primary evidence is such as in itself does not indicate the existence of other and better proof. Secondary evidence is such as from necessity in some cases is substituted for stronger and better proof." Civil Code (1910), § 5750. Section 5773 of the Civil Code (1910) is found in an article of the code dealing with hearsay, and the evidence dealt with is allowed from the "necessity of the case." In the instant case the transcript of the testimony of

the witness Roseborough could only be introduced in evidence upon proof that the witness was inaccessible; and in passing upon the inaccessibility of the witness and determining whether or not such transcript was admissible it was incumbent upon the court to exercise a "sound discretion." In the case we are considering the sheriff of Seminole county wrote a letter directed to the sheriff of Lowndes county enclosing a subpœna and requesting that it be served. The sheriff of Seminole county never knew the sheriff of Lowndes county, and never knew his handwriting or his voice. The prosecutor, L. R. Robinson, testified: "I know Mr. Roseborough. He testified in a former trial. The only residence that I knew of Mr. Roseborough was Valdosta. In other words, when I subpœnaed him as a witness his residence was in Valdosta. That is the last known residence that I know." Sheriff Barfield, sworn for the State, testified: "Mr. Roseborough is a resident of this State. I have not served any subpœna on him, nor has the sheriff." The letter in question was dated April 12, 1933, and came back to the writer "in due course of mail." The case was not tried until April 22, 1933, and it does not appear that any effort to get in touch with the witness, other than that evidenced by the mailing of said letter with the subpœna enclosed, was made at any time. Indeed, the authenticity of the writing purporting to be signed by sheriff Spivey is very unsatisfactorily shown. We do not think that under the facts of this case the positive testimony adduced in behalf of the State that Roseborough was a resident of Lowndes county was refuted by the meagre statement written on the Barfield letter and purporting to be signed by sheriff Spivey. Neither do we think that the State's evidence discloses proper diligence on its part in procuring the witness or showing his inacessibility. In short, we are convinced that the evidence failed to establish the fact that the witness was inaccessible. In view of the materiality and importance of the testimony of the absent witness, we feel constrained to reverse the judgment, upon the ground that the transcript of the witness' testimony was improperly admitted in evidence.

The other questions raised as to the court's rulings upon the evidence may not be presented again under the same conditions, and they will not be considered now. The first seven special grounds, complaining of the charge upon the law of confessions and the law

of accomplices, disclose no reversible error. The remaining special grounds that are insisted upon are amplifications of the general grounds, and, of course, the general grounds will not be discussed at this time.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*