## 67238. ROCKER v. THE STATE.

Pope, Judge.

Charlie Rocker, Sr. appeals his conviction of voluntary manslaughter. On March 5, 1983 appellant Rocker took a ride with his girlfriend, Ezela Stewart, to get something to drink. At the place where they stopped to get whiskey, they encountered the victim, Zara Hill, Ezela Stewart's brother-in-law. Hill asked for a ride home, and Stewart and Rocker agreed. Rocker gave Hill money to buy his whiskey. After returning to the car with the whiskey, Hill rode with the others to Stewart's house. During the ride, Hill accused Rocker of having $5 of his money, and the two began to argue. Hill threatened to cut Rocker, although he showed no knife. Stewart became alarmed and offered to pay Hill $5, but Hill refused. When the three arrived at Stewart's house, the argument continued in the yard. The victim, Hill, had one hand in his pocket and again threatened Rocker. Rocker then produced a pistol and fired one shot into the ground. Hill moved forward and Rocker shot him in the neck, mortally wounding him. As Hill lay dying, Rocker fled. Stewart tried to aid Hill and asked him why he didn't take her $5. Hill replied, "I don't know."

1. The evidence adduced at trial was sufficient to enable any rational trier of fact to find Rocker guilty of voluntary manslaughter beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)(1979).

2. Rocker argues that his statement was unconstitutionally obtained. Pretermitting this issue is the fact the statement was not introduced into evidence and no reference was made to it at trial. Thus, there can be no harm in the ruling of the trial court. "It is an old and sound rule that error, to be reversible, must be harmful. [Cits.]" *J. L. Lester & Sons v. Smith,* 162 Ga. App. 506, 511 (291 SE2d 251)(1982).

3. Finally, Rocker argues that the court erred in failing to charge the jury that upon presentation of two theories, one of guilt and one of innocence, the jury should find the accused not guilty. The cases cited in support of the equal theory charge by appellant, *Williams v. State,* 113 Ga. 721 (39 SE 487)(1901), and *Gravett v. State,* 150 Ga. 74 (3) (102 SE 426)(1920), are inapposite to the case at bar because they deal with cases based upon circumstantial evidence.

Rocker also contends that the court erred in failing to charge the jury that the burden was upon the state to disprove self-defense. The essence of the charge on self-defense requested by Rocker has been disapproved by the Supreme Court in *Walston v. State,* 245 Ga. 572 (2) (266 SE2d 185) (1980). The contrary language relied upon by appellant in the case of *Jolly v. State,* 164 Ga. App. 240 (2) (296 SE2d

784)(1982), is dicta and will not be followed. Having fully examined the charge as a whole, we find no error.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 31, 1984.

*Thomas L. Lehman,* for appellant.
*J. Brown Moseley, District Attorney,* for appellee.